Jacquelyn L. GREEN, by and through her Conservator, Carmen Durrance, and Juanita Green, Plaintiffs,

v.

The UNITED STATES of America et al., Defendants.

Civ. No. 74-340-GT.

United States District Court, S. D. California.

Dec. 5, 1974.

Richard R. Whalen, La Jolla, Cal., for plaintiffs.

Harry D. Steward, U. S. Atty., Peter W. Bowie, Asst. U. S. Atty., San Diego, Cal., for defendants.

## ORDER

GORDON THOMPSON, Jr., District Judge.

This matter is before the Court on defendant, United States of America's, motion to dismiss filed pursuant to the Federal Rules of Civil Procedure 12(b). The underlying action is founded upon the alleged negligent medical care rendered by the defendant, United States of America, to the plaintiff. As a result of the plaintiff's present alleged incapacitation, the action has been filed by her conservator. The Complaint also contains a cause of action requesting relief for plaintiff's mother, Juanita Green, for her expenses occasioned by defendant's alleged negligence. Defendant attacks plaintiff's initial pleadings on four distinct grounds:

1. That the Complaint alleges a cause of action based upon the tort of misrepresentation and that such a suit is specifically precluded by 28 U.S.C. § 2680(h);

2. The action has not been brought by plaintiff's legal conservator;

3. Plaintiff has attempted to name additional defendants through the use of "Does", a practice specifically rejected in this circuit; and

4. Juanita Green's claim must be dismissed for failure to file an administrative claim as required by 28 U.S.C. § 2675(a).

The Court, having reviewed all the pleadings, having heard argument from both sides, and being informed on the premises and the law, finds as follows:

■ Initially, defendant's challenge to the Complaint on the grounds that it sets forth a cause of action for misrepresentation must be rejected. While it is clear that a suit may not be maintained against the United States under the Federal Tort Claims Act for misrepresentation, 28 U.S.C. § 2680(h); United States v. Neustadt, 366 U.S. 696, 81 S.Ct. 1294, 6 L.Ed.2d 614 (1961); United States v. Croft-Mullins Elec. Co., 333 F.2d 772 (5th Cir. 1964), there is sufficient language in the Complaint itself which sounds in negligence to reject defendant's motion to dismiss. Specifically, in paragraph 11 of the Complaint, it is alleged:

> That on or about August 17, 1972, and thereafter, the defendants Does I through X, inclusive and each of them, negligently and carelessly diagnosed, examined, treated and cared for plaintiff Jacquelyn L. Green.

Of course, elsewhere in the Complaint, plaintiffs have alleged that the Doe defendants were employees of the United States and were acting within the course and scope of their employment at the time of the alleged incident.

This language is sufficient to place defendant on notice of the plaintiff's intended theory of recovery. The simplified notice pleading standard expressed in the Federal Rules of Civil Procedure has been satisfied.

■ Defendant's motion also questions the identity of the conservator alleged to have been appointed for Jacquelyn Green. It is clear from a review of the Complaint and the attached exhibits that Carmen Durrance is not the appointed conservator of Jacquelyn Green. Accordingly, Carmen Durrance is dismissed from the action, and plaintiff Jacquelyn Green is granted leave to amend the Complaint to set forth the true name of her conservator, Homer E. Detrich.

■ In their Complaint, plaintiffs have attempted to name as additional defendants Does I through X, inclusive. The practice of "Doe" pleading is not permitted by the Federal Rules of Civil Procedure, by the United States Court of Appeals for the Ninth Circuit, nor by Local Rule 4(i) of this district. Sigurdson v. Del Guercio, 241 F.2d 480 (9th Cir. 1956); Craig v. United States, 413 F.2d 854 (9th Cir. 1969), cert. denied, 396 U.S. 987, 90 S.Ct. 483, 24 L.Ed.2d 451 (1969); Wiltsie v. California Department of Corrections, 406 F.2d 515 (9th Cir. 1968), reh. denied, 1969; Tolefree v. Ritz, 382 F.2d 566 (9th Cir. 1967); Hall v. Pacific Maritime Association, 281 F.Supp. 54 (N.D.Cal.1968). Accordingly, the Doe defendants are dismissed and will be stricken from the Complaint.

By far the most difficult question before the Court relates to Juanita Green's claim for expenses allegedly incurred by her for medical care and treatment for her daughter, Jacquelyn Green. The United States moves to dismiss the plaintiff Juanita Green for failure to file an administrative claim as required by 28 U.S.C. § 2675(a). Plaintiffs argue that the claim of Juanita Green is a derivative of, and dependent upon, the primary action of Jacquelyn Green, and not an independent cause of action necessitating an administrative claim. In the alternative, plaintiffs contend that even if the claim of Juanita Green is an independent one, no administrative claim is necessary in that the United States was placed on notice of such a potential liability by the filing of the claim on behalf of Jacquelyn Green.

A review of the materials before the Court discloses that no administrative claim has been filed in behalf of Juanita Green. The Court must therefore look to the basic question argued by the parties, that question being whether an administrative claim is required to be filed for medical and related expenses incurred by a party other than the injured person where the party who incurred the expenses seeks to recover therefor under the Federal Tort Claims Act.

As already noted, plaintiffs have contended the claim for medical and related expenses of Juanita Green is a derivative of, and dependent upon, the establishment of liability in the basic personal injury action brought by Jacquelyn Green. To that extent, the Court agrees that the claim of Juanita Green is a derivative and dependent one. It is clear that the expenses allegedly incurred arose out the same basic incident, and unless liability were established on the basic personal injury claim, there could be no recovery for those expenses. However, such a conclusion does not resolve the basic question presently before the Court.

A review of existing authorities indicates that there is a dearth of precedent involving the specific circumstances at hand. However, there are a number of cases which have dealt with the converse situation and which suggest the result to be reached here.

The first such decision, Stokes v. United States, 444 F.2d 69 (4th Cir. 1971), upheld the right of a three-year-old child to bring an action against the United States under the Federal Tort Claims Act, notwithstanding the fact that the United States had already settled with the child's parents on their claim for medical expenses. The Fourth Circuit wrote:

> In North Carolina, the place of the accident, two related but distinct causes of action arose when the post office truck struck the child. They are: "(1) An action on behalf of the child to recover damages for pain and suffering . . .; and (2) . . . (b) expenses incurred for necessary medical treatment for the child's injuries."

Similarly in Gunstream v. United States, 307 F.Supp. 366 (C.D.Cal.1969), an administrative claim was filed by the parents of the injured person for property damage and for the injuries to their son. The vehicle was owned by the parents and the property damage claim was compromised with them. No administrative claim had been filed by their adult son in his own behalf until after the two-year statute of limitations had run. The Court found that it was without jurisdiction for the suit brought by the son for his injuries because of his failure to exhaust administrative remedies. The Court treated this cause of action for his injuries as being his alone since he was an adult.

Looking briefly to California law, the Court finds a parallel to the instant case in the question posed to the California Supreme Court in Rodriguez v. Bethlehem Steel Corp., 12 Cal.3d 382, 115 Cal.Rptr. 765, 525 P.2d 669 (1974), regarding recovery for loss of consortium by the spouse of the injured person. In a consortium claim, the spouse is seeking compensation for losses sustained due to the injury to the other spouse much as in the case at bar. In *Rodriguez*, the Court held that "in California *each spouse has a cause of action* for loss of consortium, as defined herein caused by negligent or intentional injury to the other spouse by a third party." *Id.* at 408, 115 Cal.Rptr. at 782, 525 P.2d at 686 (emphasis supplied).

In brief, this Court finds from the foregoing that when a person or entity assumes or otherwise has an obligation to pay the expenses of an injured person, any cause of action which that person or entity might have by reason of the assumption as against a third party is independent of any cause of action the injured person might have against the same third party.

The reasoning for such a finding, aside from the foregoing discussion,

seems inescapable. In the instant case, the plaintiff's mother, Juanita Green, has alleged that she assumed the obligation to pay the medical expenses of Jacquelyn Green. All such expenses actually paid by Juanita Green are losses personal to her, and any cause of action asserted by her to recover such losses is unquestionably personal to her.

 Because the cause of action asserted by Juanita Green is personal to her, and independent of that of Jacquelyn Green for personal injuries, Juanita Green must file an administrative claim in her own behalf. It has become axiomatic that the filing of an administrative claim is a jurisdictional prerequisite to the maintenance of a suit under the Federal Tort Claims Act. Avril v. United States, 461 F.2d 1090 (9th Cir. 1972); Caton v. United States, 495 F.2d 635 (9th Cir. 1974). Such a jurisdictional prerequisite cannot be waived. Claremont Aircraft, Inc. v. United States, 420 F.2d 896 (9th Cir. 1970).

Plaintiffs have argued that United States was placed on notice of the existence of such a possible claim by virtue of the administrative claim of Jacquelyn Green. However, and assuming *arguendo* that the United States did have notice, such an argument is not sufficient to avoid the jurisdictional administrative claim requirements of 28 U.S.C. § 2675 (a). See *e. g.* Avril v. United States, *supra*, and Caton v. United States, *supra*. Moreover, inherent in plaintiffs' argument is a suggestion that if the United States has received some sort of constructive or actual notice of a possible claim it then has a duty to go out and solicit an administrative claim to ensure that the jurisdictional prerequisite to suit by the claimant is properly laid. Such a proposition is not only alien to the adversary concept of American jurisprudence, but is also unsupported as a matter of law.

In that Juanita Green did not file a separate administrative claim, such portions of the Complaint as purport to set forth the cause of action in her behalf are dismissed.

Accordingly, it is hereby ordered that the motion to dismiss the Complaint of Jacquelyn Green on the ground that it sets forth a cause of action for misrepresentation is denied. The motion to dismiss as it relates to the Doe defendants, the named Conservator, and to Juanita Green is granted. Plaintiff Jacquelyn Green is granted leave to amend to set forth the true name of her Conservator, which shall be accomplished, if at all, within a reasonable period of time.