Andrew J. DANCY

v.

The UNITED STATES.

No. 543–79C.

United States Court of Claims.

Jan. 13, 1982.

Kenneth R. Shuttleworth, Memphis, Tenn., atty. of record, for plaintiff.

Gerald L. Elston, Washington, D. C., with whom was Asst. Atty. Gen., J. Paul McGrath, Washington, D. C., for defendant.

Before DAVIS, NICHOLS and KUNZIG, Judges.

KUNZIG, Judge:

This civilian pay case comes before the court on the parties' cross-motions for summary judgment. By this action, plain-

tiff seeks back pay and other damages[1] incurred when defendant separated him by a reduction in force from his medical position with the government. Plaintiff alleges that the Merit Systems Protection Board (MSPB) acted arbitrarily and capriciously in affirming plaintiff's discharge when the agency had failed to notify plaintiff at the outset that his position was encumbered by his predecessor's reemployment rights. The government contends that the MSPB properly upheld the action of the agency, which was forced to separate plaintiff after balancing the procedural rights of plaintiff to notification and the substantive reemployment rights of plaintiff's predecessor. We agree with defendant.

## I.

Plaintiff, Dr. Andrew Dancy, received a career-conditional appointment with the Department of the Army (DOA) as Medical Officer at the Armed Forces Examining and Entrance Station (AFEES) in Memphis, Tennessee, on January 31, 1977. At the time of his appointment, plaintiff was not notified, nor was the agency aware, that the position was encumbered by the reemployment rights of plaintiff's predecessor, Dr. Quitman Jones, who had been assigned to a similar position in Honolulu, Hawaii. In May, 1977, when the agency discovered that Dr. Jones had reemployment rights, it immediately notified plaintiff and Dr. Jones. A year later, on July 24, 1978, Dr. Jones was released from his tour of duty in Honolulu and returned to his position in Memphis. Plaintiff was notified of Dr. Jones' decision on July 3, 1978. The agency also informed plaintiff that he would be separated by a reduction in force effective September 1, 1978. The agency notified plaintiff of his various employment rights[2] and of his right to appeal.

Plaintiff appealed and was granted a hearing on October 30, 1978, before the Federal Employee Appeals Authority (FEAA). Plaintiff testified that during his employment with AFEES he had reduced his private practice by approximately one-half, relying on the agency's representation that the position was permanent. A transcript of the hearing was made part of the administrative record when the record was transferred to the MSPB.[3] In its decision of January 15, 1979, the MSPB affirmed plaintiff's separation by reduction in force, noting that while the agency had "administratively erred" in failing to inform plaintiff of his predecessor's reemployment rights, it could not avoid its statutory obligation to afford Dr. Jones these rights. The MSPB concluded that the agency had not violated its obligations to plaintiff under the reduction-in-force regulations of 5 C.F.R. § 351 (1981).

Plaintiff filed suit in Federal District Court for the Western District of Tennessee on August 31, 1979, seeking damages in the amount of $500,000 for "loss of good will in his practice," and past and future loss of salary and of private practice. The case was transferred to this court on stipulation of the parties that the district court lacked jurisdiction, apparently because the district court lacked subject matter jurisdiction over that part of plaintiff's contract claim for monetary relief which exceeded the dis-

1. Plaintiff claimed damages for "loss of good will" and other injury to his private medical practice. Such claims are not within the jurisdiction of this court as defined by the Tucker Act, 28 U.S.C. § 1491. Because of our ultimate disposition of plaintiff's case, we do not further address this problem. In addition, plaintiff's original action contained a claim for alleged breach of employment contract. This contract claim was waived at oral argument.

2. Because there was no other federal medical position open in the Memphis competitive area, the agency was unable to afford plaintiff the reassignment rights authorized by 10 U.S.C. § 1586(e) (1976). Plaintiff was offered listing for Reemployment Priority and several other programs, but declined to register because he had no desire to leave the Memphis area and no interest in the other types of positions offered.

3. Plaintiff was notified by FEAA Chief Appeals Officer by letter of December 26, 1978, that the function performed by the FEAA was being transferred to the MSPB under the President's Reorganization Plan of 1978 and that therefore the MSPB would decide plaintiff's appeal.

trict court's $10,000 Tucker Act limitation.[4] 28 U.S.C. § 1346(a)(2) (1976 & Supp. III 1979). The case was timely filed in this court on November 30, 1979.

The government contends that the MSPB decision affirming plaintiff's separation by reduction in force was neither arbitrary nor capricious and should be upheld. It further argues that certain of plaintiff's allegations sound in tort and are therefore outside the jurisdiction of this court. We agree with defendant's position. The following analysis will discuss government discretion, the tort claim allegations and the propriety of their possible transfer to the district court for appropriate disposition.[5]

## II.

■■■ This court's scope of review in civilian pay cases is well settled. An agency is accorded wide discretion in conducting a reduction in force; absent a clear abuse of that discretion, a substantial departure from applicable procedures, a misconstruction of governing statutes, or the like, we do not upset a final agency decision. *See, e.g., Summers v. United States*, 228 Ct.Cl. ——, ——, 648 F.2d 1324, 1326–7 (1981); *Friedman v. United States*, 214 Ct.Cl. 804 (1977); *Giles v. United States*, 213 Ct.Cl. 602, 553 F.2d 647 (1977). The good faith of those taking administrative action is presumed. *Crowley v. United States*, 208 Ct.Cl. 415, 527 F.2d 1176 (1975); *Boyle v. United States*, 207 Ct.Cl. 27, 515 F.2d 1397 (1975).

■■ Plaintiff attacks the MSPB decision on two grounds. First, he argues that the MSPB erred in finding that plaintiff's predecessor actually had reemployment rights. Plaintiff contends that the applicable statute requires that reemployment rights be provided only when the employee is assigned "at the request of the depart-

ment concerned." 10 U.S.C. § 1586(b)(1) (1976). Since Dr. Jones actively sought out the position in Hawaii, plaintiff asserts, he was not entitled to reemployment with AF-EES when that position terminated. We find this argument meritless. Dr. Jones' reassignment to Hawaii was *authorized* by the Department of the Army.[6] There is no indication in the statutes or regulations that an affirmative seeking out of an overseas assignment disqualifies the seeker from reemployment rights. We hold that the DOA authorization constitutes "an assignment at the request of the agency" within the meaning of 10 U.S.C. § 1586. Thus, we conclude that the MSPB made no error in finding Dr. Jones entitled to reemployment in plaintiff's position.

Second, plaintiff contends that the agency's failure to notify him of his predecessor's reemployment rights violated Army regulations and that the MSPB's finding of "harmless error" in this regard was an abuse of discretion. DOA Civilian Personnel Regulation 300 (Chapter 25) Subchapter 8, § 8–10(a) (Oct. 1, 1971) provides in part that "[i]n view of the absolute return rights of an employee accepting oversea assignment, each subsequent incumbent of the relinquished position *should* be notified that his occupancy of the position is subject to the return of a former incumbent having statutory reemployment rights." (Emphasis added.) Failure of the agency so to notify him, plaintiff contends, caused him substantial financial loss for which he maintains his claim for relief.

The MSPB decision recognized that failure to notify plaintiff of the encumbered nature of the position was "administrative error" and defendant has not contested this finding. However, as the MSPB correctly pointed out, the agency was legally bound

---

4. Neither the November 28, 1979, order of the District Court transferring plaintiff's claim to this court, nor the stipulation of the parties specifies the precise basis on which the District Court's jurisdiction was found lacking.

5. 28 U.S.C. § 1506 (1976) authorizes this court to transfer a claim to the appropriate district

court when it is within the district court's exclusive jurisdiction.

6. This authorization is amply supported by evidence in the record, including Dr. Jones' Standard Form 50, dated Nov. 5, 1976, and his Department of Defense Civilian Permanent Duty Travel Authorization, dated Nov. 4, 1976.

by statute to afford Dr. Jones his reemployment rights. Thus the agency was compelled to balance the substantive statutory rights of Dr. Jones against plaintiff's procedural right to notification under the permissive language of the Army regulation. On balance, the MSPB held that the agency had made the only reasonable decision it could under the circumstances.

We have upheld such a balancing of substantive against procedural rights where even in the absence of technical procedural error plaintiff would have been properly terminated. *Polos v. United States*, 223 Ct.Cl. 534, 621 F.2d 385 (1980). In *Polos*, plaintiff sought reinstatement to his civilian position after he was automatically separated under statute when retired from his related military position. We held that failure of the agency to give plaintiff thirty days' written notice was "harmless error," since notice would not have enhanced plaintiff's ability to retain his civilian position. *See also Carey v. Piphus*, 435 U.S. 247, 260 & n.15, 98 S.Ct. 1042, 1050 & n.15, 55 L.Ed.2d 252 (1978) (Supreme Court held that public employees do not hold property interests in their jobs and may not recover damages for a lack of procedural due process where a proper hearing would not affect the termination); *Hernandez del Valle v. Santa Aponte*, 575 F.2d 321, 324 (1st Cir. 1978).

█ In the instant case, we recognize that the agency's failure to notify plaintiff of his predecessor's reemployment rights may have harmed plaintiff's interests in an economic sense. However, we uphold the MSPB finding that such failure constituted "harmless error" in a legal sense because plaintiff's position was subordinated to Dr. Jones' statutory rights and no amount of diligence as to proper procedural notification could have altered that fact. The Army made every effort to accommodate plaintiff in obtaining comparable employment.[7] For reasons of his own, plaintiff

could not take advantage of these efforts. Faced with two people for one position, the Army had no choice but to separate plaintiff by a reduction in force.

Under these circumstances, we cannot find that the MSPB decision sustaining plaintiff's separation from his position at AFEES was arbitrary, capricious, an abuse of administrative discretion, or unsupported by substantial evidence.

### III.

█ Finally, we turn to the question of transferring plaintiff's case to district court for a determination of whether the agency's failure to notify plaintiff of his predecessor's reemployment rights constituted a cognizable claim under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.* (1976). Although we are concerned that a case should be litigated before the proper forum, we will not order transfer where we find that the district court is without jurisdiction to hear the claim.[8] Such is our finding in the instant case.

Before a plaintiff can bring a tort action against the federal government in district court, he must file a tort claim, consisting of a Standard Form 95 or written notice plus a specific claim for money damages, with the appropriate administrative agency. 28 U.S.C. § 2675(a) (1976); 28 C.F.R. § 14.-2(a) (1980). Courts have unanimously held that this is a jurisdictional prerequisite for filing suit in district court and cannot be waived. *See, e.g., Lagala v. United States*, 650 F.2d 290 (Ct.Cl., 1980); *Kielwien v. United States*, 540 F.2d 676 (4th Cir.), *cert. denied*, 429 U.S. 979, 97 S.Ct. 491, 50 L.Ed.2d 588 (1976); *Allen v. United States*, 517 F.2d 1328 (6th Cir. 1975); *Executive Jet Aviation v. United States*, 507 F.2d 508 (6th Cir. 1974). An administrative tort claim must be filed within two years of the date on which the claim accrues. 28 U.S.C. § 2401(b) (1976).

7. *See* footnote 2 *supra.*

8. *See Lagala v. United States*, Ct.Cl. No. 208-80C (order of October 10, 1980); *Goewey v.*

*United States*, 222 Ct.Cl. 104, 108, 612 F.2d 539, 541 (1979).

Defendant asserts that plaintiff never filed an administrative claim with the United States Army Claims Service[9] and plaintiff makes no contrary showing. Instead, plaintiff contends that his appeal to the MSPB constituted notification of his tort claim against the agency and should have been transferred to the Army Claims Service by the MSPB pursuant to 28 C.F.R. § 14.2(b)(1) (1980). This regulation provides that where a claim is presented to the wrong federal agency, "that agency shall transfer it forthwith to the appropriate agency." Plaintiff argues that he presented his claim to the MSPB "with particularity" and thereby exhausted the administrative review process.

A number of courts have considered this argument and rejected it, pointing out that the government's waiver of sovereign immunity must be narrowly construed and thus liability cannot be predicated on a theory of actual or constructive notice. As the court in *Green v. United States*, 385 F.Supp. 641 (S.D.Cal.1974), stated in regard to such a theory:

> [I]nherent in plaintiff's argument is a suggestion that if the United States has received some sort of constructive or actual notice of a possible claim it then has a duty to go out and solicit an administrative claim to ensure that the jurisdictional prerequisite to suit by the claimant is properly laid. Such a proposition is not only alien to the adversary concept of American jurisprudence, but is also unsupported as a matter of law.

*Id.* at 644. *See also Provancial v. United States*, 454 F.2d 72 (8th Cir. 1972); *Hejl v. United States*, 449 F.2d 124 (5th Cir. 1971); *Gordon B. Ball, Inc. v. United States*, 461 F.Supp. 311 (D.Nev.1978); *Muldez v. United States*, 326 F.Supp. 692 (E.D.Va.1971).

Plaintiff in the instant case did not simply file his claim with the wrong agency, but, contrary to his assertion, failed to file any tort claim at all. His request for a hearing by the MSPB is devoid of any reference to a possible tort claim against the government. In light of this and under the weight of authority cited above, we reject plaintiff's attempts to circumvent the clear statutory language of 28 U.S.C. § 2675(a).

Plaintiff's cause of action accrued on the date of his appointment, January 31, 1977, when the agency failed to notify him of his predecessor's reemployment rights. Thus, the two-year statute of limitations on filing an administrative claim ran out even before plaintiff filed his initial claim in district court on August 31, 1979. Transfer back to district court at this time would be a useless action, which we decline to take.[10]

## IV.

In summary, we affirm the MSPB decision as a proper exercise of administrative discretion, finding it neither arbitrary, capricious nor unsupported by substantial evidence. We also deny plaintiff's request to

---

9. With its supplemental brief filed at the request of this court after oral argument, defendant included an Oct. 19, 1981 letter from Chief of General Claims Division, Joseph H. Rouse, U.S. Army Claims Service, Fort Meade, Maryland. Chief Rouse asserts that a "thorough search of all records and files available to this Service has revealed that no administrative claim has been filed by Andrew J. Dancy...."

10. Defendant has also asserted that if the agency's actions constitute any tort, it is the tort of negligent misrepresentation, which the Supreme Court has held to be outside the intended scope of the Federal Tort Claims Act, 28 U.S.C. § 2680 (1976). *United States v. Neustadt*, 366 U.S. 696, 81 S.Ct. 1294, 6 L.Ed.2d 614 (1961). Plaintiff contends that the agency was simply negligent in determining plaintiff's status vis-a-vis Dr. Jones and thus is liable to plaintiff under the Act. The permissive language of the Army's notification regulations (incumbent "*should* be notified") may not give rise to an *affirmative duty* to notify, breach of which by the agency would constitute negligence. However, it is far from clear whether the agency's actions fit within the Supreme Court's definition of negligent misrepresentation, *viz.*, failure "to use due care in obtaining and communicating information upon which that party may reasonably be expected to rely in the conduct of his economic affairs...." *Neustadt, supra*, at 706, 81 S.Ct. at 1300. Since we have determined that plaintiff's action would be barred in district court by his failure to file an administrative tort claim, we decline to decide the question of proper characterization of the agency's actions.

transfer his suit to district court, because any tort claim he might have brought is now time-barred.

Accordingly, after consideration of the submissions of the parties, with oral argument of counsel, plaintiff's motion for summary judgment is denied. Defendant's motion for summary judgment is granted. Plaintiff's petition is dismissed.