**Paul G. MADSEN, Petitioner,**

v.

**VETERANS ADMINISTRATION,
Respondent.**

**Appeal No. 85–528.**

United States Court of Appeals,
Federal Circuit.

Feb. 8, 1985.

344

Paul G. Madsen, pro se.

Sara V. Greenberg, Dept. of Justice, Washington, D.C., for respondent.

Before FRIEDMAN, BALDWIN and BISSELL, Circuit Judges.

BISSELL, Circuit Judge.

Paul Madsen (Madsen) petitions this court for a review of a final decision of the Merit Systems Protection Board (Board), 21 M.S.P.R. 779. The Board sustained his demotion under reduction-in-force (RIF) procedures from a Grade 11 position to a Grade 9 position. We affirm.

## BACKGROUND

Madsen was employed by the Veterans Administration (agency) as a Field Section Supervisor, GS–1801–11, at the agency's regional office in Lincoln, Nebraska. Effective August 21, 1983, Madsen was displaced (bumped) from this position by an employee from the same competitive level who was in a higher retention subgroup (IA to Madsen's IB) under 5 C.F.R. § 351.-703(a)(1) (1983). This displacement resulted in Madsen's demotion by the agency to the position of Contact Representative, GS–962–9.

## OPINION

Madsen asserts that (1) the employee who bumped him during the RIF was assigned to a position improperly classified at the Grade 11 level; (2) the employee who bumped him was not as qualified as Madsen since the bumping employee possessed only the minimum qualifications for the position; and (3) the agency should not have resorted to RIF procedures but, rather, should have restructured its work force.

With respect to Madsen's first contention, the Board correctly determined that the question of the classification of the position held by the displacing employee was not within its jurisdiction. The Board possesses limited jurisdiction over appeals instituted by federal employees under 5 U.S.C. § 7701(a) and can only hear appeals

instituted by employees who are specifically granted appeal rights thereunder. *E.g.,* *Cowan v. United States,* 710 F.2d 803 (Fed.Cir.1983). We find no statute or regulation which empowers the Board to review (within the context of an adverse action appeal) the merits of an agency's prior decision concerning the classification of the bumping employee's position or his qualifications for that position. *Cf. Brace v. Department of Housing and Urban Development,* 11 MSPB 451, (1982), *aff'd,* No. 83–580 (Fed.Cir. June 3, 1983) (unreported). Accordingly, the Board correctly refused to address this issue.

 Madsen's second contention, that he was more qualified than the displacing employee to perform the duties assigned to a Field Supervisor, was considered, and properly rejected, by the Board. Madsen does not contend that the bumping employee was unqualified for the position, only that Madsen was better qualified. An employee is qualified for assignment under 5 C.F.R. § 351.701 if the employee "meets the OPM standards and requirements for the position." 5 C.F.R. § 351.702(a) (1983).

Finally, Madsen's assertion that the agency should have avoided a RIF was also correctly rejected by the Board. Pursuant to 5 C.F.R. § 351.201(b) (1983), an agency is not required, in conducting RIFs, to fill vacant positions. In addition, an agency, in deciding how to structure the workplace, is given wide discretion in determining which individuals are best qualified to perform particular functions. *Wilmot v. United States,* 205 Ct.Cl. 666 (1974).

## CONCLUSION

"An agency is accorded wide discretion in conducting a reduction in force; absent a clear abuse of that discretion, a substantial departure from applicable procedures, a misconstruction of governing statutes, or the like, we do not upset a final agency decision." *Cooper v. Tennessee Valley Authority,* 723 F.2d 1560, 1562 (Fed.Cir. 1983) (quoting *Dancy v. United States,* 668 F.2d 1224, 1226, 229 Ct.Cl. 300 (1982)). Under this limited scope of judicial review, we have no basis for overturning the agency's action in demoting Madsen pursuant to the RIF.

AFFIRMED.