Angel RODRIGUEZ, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 611-85C.

United States Claims Court.

Oct. 19, 1987.

Andrew L. Waks, Miami, Fla., for plaintiff.

Katherine A. Day, Dept. of Justice, Wash., D.C., for defendant.

ORDER

ROBINSON, Judge.

This case is before the court on plaintiff's motion to transfer the case to the U.S. District Court for the Southern District of Florida. For the reasons set forth below, plaintiff's motion to transfer is denied. In addition, plaintiff's complaint is dismissed.

*Facts* [1]

This action was originally filed by plaintiff, Angel Rodriguez, against the United States of America in the U.S. District Court for the Southern District of Florida. Plaintiff alleged the United States failed to properly maintain plaintiff's vessel, the

---

1. This recitation of facts is borrowed from the U.S. District Court's findings. *Angel Rodriguez v. United States of America*, No. 81-1360 (S.D. Fla. Sept. 25, 1985) [Available on WESTLAW, 1985 WL 9588].

M/V Sea Grape, which was seized by the Customs Service in Key West, Florida, on July 1980 and which sank one week after seizure. The vessel was participating in the 1980 Mariel Boat Lift, transporting Cuban nationals from the port of Mariel, Cuba, to Key West, Florida. The government claims that its seizure of the vessel was authorized, in part because of Coast Guard regulation violations, and in part because the government had clearly prohibited further Mariel Boatlift trips after May 15, 1980. Plaintiff maintains that he leased the boat to a Mr. Gabriel Fernandez for the purpose of a salvage operation, but that Mr. Fernandez was forced by the Cuban government to participate in the boat lift.

Plaintiff claimed jurisdiction in the District Court under the Suits in Admiralty Act (SIAA), 46 U.S.C. §§ 741–752 and the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680. The District Court denied defendant's motion to dismiss for lack of jurisdiction on November 28, 1984. However, the District Court on its own motion reconsidered defendant's motion to dismiss in light of the Eleventh Circuit's holding in *Williams v. United States*, 747 F.2d 700 (11th Cir.1984), which was announced on November 29, 1984. Upon reconsideration, the district court concluded that there was no cognizable admiralty or tort liability on the part of the United States. The court did decide that plaintiff may have a cause of action under the Tucker Act, 28 U.S.C. § 1491. Thus, the court stated: "Although this matter is before the court on its own motion to dismiss for lack of subject matter jurisdiction, the court concludes that it is in the interests of justice to transfer this action to a court with subject matter jurisdiction, the United States Claims Court, rather than to dismiss the action with prejudice." *Angel Rodriguez v. United States of America*, No. 81–1360, Slip Op. at 4. After transfer of the case, plaintiff amended his complaint to conform with the Rules of the United States Claims Court. The government filed its answer and a counterclaim. The government has moved the court to dismiss plaintiff's complaint on the grounds that the complaint fails to state a claim upon which relief can be granted and that

the court lacks subject matter jurisdiction. Plaintiff has not responded to defendant's motion to dismiss. Rather, plaintiff has moved to amend his complaint and to have this court transfer this case back to the U.S. District Court for the Southern District of Florida.

### Discussion

Plaintiff moves pursuant to 28 U.S.C. § 1631 that this case be transferred back to the U.S. District Court for the Southern District of Florida. Section 1631 provides:

Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as it it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed or noticed for the court from which it is transferred.

Thus, in order for this Court to transfer a case, three requirements must be met: (1) this Court must lack jurisdiction itself; (2) it must be in the interest of justice to transfer the claims; (3) the transferee court must be one in which the action could have been brought at the time the claims were filed. *Town of North Bonneville, Washington v. United States District Court for the Western District of Washington*, 732 F.2d 747 (9th Cir.1984).

Both parties agree that this Court lacks jurisdiction over plaintiff's claim. Indeed, plaintiff concedes that "his action is not one sounding in contract pursuant to the Tucker Act, but rather is one in tort pursuant to the SIAA." Plaintiff's motion to amend complaint and for transfer at 7. Thus, this Court need only consider whether a transfer back to the District Court is in the interest of justice and whether the District Court is a court in which the action

could have been brought when it was filed. In the instant case, these two considerations are intertwined and will be discussed together.

■ This Court concludes that it is not in the interest of justice to transfer this case back to the District Court. Section 1631 requires that the transferee court be one in which the action could have been brought at the time the claims were filed. The District Court has already held that it lacks jurisdiction over plaintiff's claim for two reasons: 1) there is no cognizable admiralty or tort liability on the part of the United States, and 2) the Tucker Act claim exceeds $10,000, divesting the Court of concurrent jurisdiction under the Tucker Act, 28 U.S.C. § 1491. *Rodriguez v. U.S.*, Order No. 81–1360 (S.D.Fla. Sept. 5, 1985) [Available on WESTLAW, 1985 WL 9588]. The District Court's finding that it lacked jurisdiction over plaintiff's claim necessarily means that it is not a Court in which the action "could have been brought" for purposes of § 1631. *See, U.S. v. Grimberg*, 702 F.2d 1362, 1377 (Fed.Cir.1983). No amount of transferring will create jurisdiction where none existed previously. *Berdick v. U.S.*, 222 Ct.Cl. 94, 612 F.2d 533, 536 (1979). Thus, the transfer of this case to the District Court would be contrary to the statute, and, therefore, would not be in the interest of justice.

■ Even assuming that the District Court is one in which the case "could have been brought," this Court still declines to retransfer the case. A case should not be transferred to another court if it most probably would be a futile act. *Little River Lumber Co. v. U.S.*, 7 Cl.Ct. 492 (1985); *Dancy v. United States*, 229 Ct.Cl. 300, 668 F.2d 1224 (1982). To transfer this case back to the District Court which has dismissed the action for want of jurisdiction would be futile indeed. Such a futile act does not serve the interests of justice.

Plaintiff's reliance on *Jesko v. U.S.*, 713 F.2d 565 (10th Cir.1983) as support for his position that this Court can transfer his claim back to the District Court is misplaced. The *Jesko* Court determined that an order to transfer is interlocutory and nonappealable prior to final judgment. The Court did not apply the criteria of 28 U.S.C. § 1631. Indeed, § 1631 was not even at issue. Rather the Court, in dicta only, stated that if the Claims Court decided it did not have jurisdiction over the Jesko's claim, it could transfer the case back to the District Court. But, previous discussion in this order clearly indicates that this Court cannot transfer a case to another Court if that Court does not have jurisdiction and if the transfer is not in the interest of justice. However, this Court does read *Jesko* to provide plaintiff the opportunity to appeal the issue of jurisdiction upon this Court's final judgment. *Jesko,* 713 F.2d at 567.

Inasmuch as defendant has moved the Court to dismiss plaintiff's complaint and plaintiff admits "that it cannot allege any cause of action based upon breach of contract, or any other cause of action, otherwise cognizable in this Court," plaintiff's reply to defendant's opposition to plaintiff's motion to amend complaint and for transfer at 2, this Court deems it expedient to dismiss plaintiff's complaint pursuant to RUSCC 41(a)(2). As the Court determines that there is no just reason for delay, the Clerk is directed to enter judgment dismissing the complaint under RUSCC 54(b). Since plaintiff's complaint was transferred to this Court by the United States District Court for the Southern District of Florida, no costs shall be assessed.

Defendant shall file with the Court no later than Monday, October 26, 1987, a statement of its intention to pursue in this Court its counterclaim for civil fines under 8 U.S.C. § 1321(a) and 46 U.S.C. § 390(b) and (c).