**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

KIM S. LAFORGE,

      Appellant,

    v.

DEPARTMENT OF HOMELAND
   SECURITY,

      Agency.

DOCKET NUMBER
PH-0752-15-0435-I-1

DATE: February 1, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

W. Scott LaForge, Carolina, Puerto Rico, for the appellant.

Aaron Baughman, Springfield, Virginia, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which sustained her separation by involuntary workforce reduction (IWR). Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to find that the Board has jurisdiction over the appellant's allegation of age discrimination, and to adjudicate that allegation, we AFFIRM the initial decision.

## BACKGROUND

The appellant was employed in the agency's Office of Security Operations (OSO) as a Transportation Security Manager (TSM), SV-1801-I, at the Barnstable Municipal Airport located on Cape Cod, Massachusetts. Initial Appeal File (IAF), Tab 8 at 29. In December 2014, three of the appellant's managers visited her to discuss an upcoming IWR. IAF, Tab 30, Hearing Compact Disc (HCD) (testimony of the appellant). The managers told her that her position would be eliminated, and she was being reassigned to a vacant TSM position at Boston's Logan International Airport. *Id*. The reassignment, however, did not occur.

In March 2015, the agency implemented the IWR[2] within OSO to abolish a number of TSM positions that it determined were no longer necessary. IAF, Tab 8 at 74-77. The agency sent out notices to affected TSMs, including the appellant. *Id*. at 70; IAF, Tab 30, HCD (testimony of the appellant). The notice informed the appellant that she would be required to find a new position during one of two stages of the IWR. During stage one, she would be able to request voluntary placement into 1 of 12 vacant positions in the Boston hub/spoke, at or below her current pay band, subject to agency determination of her qualifications. IAF, Tab 8 at 68, 70-71. If the appellant did not secure a position during stage one, she would have the opportunity to move onto stage two and compete for vacancies on a nationwide level. *Id*. at 70-73.

The stage one list of 12 vacant positions did not include the TSM position referenced by the three agency managers who met with the appellant prior to issuance of the notices. *Id*. at 68. The appellant chose three of the vacant positions listed in stage one for voluntary placement–Supervisory Human Resources (HR) Specialist, Nonsupervisory HR Specialist, and Assistant Federal Security Director-Generalist (AFSD-G). *Id*. at 67-68. The agency informed the appellant that she was not qualified for the HR positions, and that, although she was qualified for the AFSD-G position, she was not eligible because that position was in a professional series, with more opportunities for pay band promotion than the series she currently occupied. *Id*. at 67. The lengthy list of stage two vacancies that the appellant would have to compete for, however, included the TSM position in Boston, and the agency selected her to fill it. *Id*. at 35, 38-59.

_____

[2] The agency's IWR procedures are similar to reduction in force (RIF) procedures; however, the two procedures are not identical. Title 5 RIF provisions are not applicable to the TSA. *See Garofalo v. Department of Homeland Security*, 108 M.S.P.R. 169, ¶¶ 7-8 (2008). Instead, the agency applies its internal IWR policy, Human Capital Policy No. 351-3. IAF, Tab 8 at 195-218. In this nonprecedential decision, we use the acronym IWR when the acronym RIF would be used in a separation pursuant to 5 C.F.R. part 351. Despite the fact that Title 5 RIF procedures are inapplicable to the TSA, the Standard Form 50 effecting the appellant's separation indicates that the nature of the action is "separation-RIF." *Id*. at 29.

The appellant declined the position. *Id*. at 34. The agency then offered her a lower-graded Transportation Security Officer position at Barnstable Municipal Airport. *Id*. at 33. She also declined the lower-level position, and the agency separated her from service. *Id*. at 29-33.

The appellant filed a Board appeal, alleging that she was treated unfairly during the IWR by not being given the AFSD-G position merely because it was in a different job series. IAF, Tab 1 at 4. She also alleged that, during an earlier IWR, employees had been allowed to "jump job series," *id*., and that the agency engaged in age discrimination by not allowing her to do so. IAF, Tab 28 at 3.

The administrative judge found that the agency complied with its regulations governing reorganization and realignment. IAF, Tab 32, Initial Decision (ID) at 9-10. Regarding the appellant's assertion that she was treated differently from two employees who, during an earlier IWR, were allowed to circumvent restrictions on what job series they were allowed to transfer into, the administrative judge found that this prior placement violated agency procedures and the agency was not required to continue to violate its procedures for the appellant's benefit. ID at 9. He also found that the appellant failed to show that the agency managers actively misled her by telling her that she would be reassigned to Boston prior to the IWR, or that she mistakenly relied upon information provided by agency managers regarding her ability to transfer to a position listed in stage one of the IWR, information that allegedly caused her to limit her selection of positions on the stage one list, a decision that later turned out to be detrimental to her interests. ID at 10.

In addition, the administrative judge found that the Board does not have jurisdiction over the appellant's allegation of age discrimination. He found that her discrimination allegation was not based on a claim that the agency separated her while retaining younger employees impacted by the reassignment. ID at 11. Rather, her claim was based on her assertion that the agency permitted two younger employees to circumvent restrictions on what job series they were

allowed to transfer into during an earlier IWR, while the agency did not allow her to do so in her transfer request during phase one of the IWR process. He characterized the denial of her transfer request as a nonselection, and found that her discrimination allegation in the nonselection was beyond the scope of the action over which the Board has jurisdiction, her separation. ID at 11-12.

In her petition for review, the appellant asserts that the administrative judge erred in denying two of her requested witnesses and that he was biased against her in his description of the facts and rulings on witnesses.[3] Petition for Review (PFR) File, Tab 2 at 8, 10-11.[4] She also asserts, as she did below, that she was deceived by her supervisors into believing that she would get any position she requested during stage one, including the AFSD-G position. *Id*. at 8-11. She asserts that she had been performing the AFSD-G position duties for more than 9 years and that that position still exists at Barnstable.[5] *Id*. at 9. The agency has filed a response to the petition for review. PFR File, Tab 4.

---

[3] On review, the appellant states that the agency did not provide some documents to her during the processing of her appeal that she requested about jobs that were provided to other employees. PFR File, Tab 2 at 8. She states, however, that the information that she sought through the documents was provided through the testimony of the agency's witness. *Id*. She does not indicate that she sought this information through discovery and does not explain how her case was harmed by the agency's failure to provide these documents.

[4] The appellant filed two identical petitions, one timely filed by facsimile transmittal, PFR File, Tab 1, and one by e-filing, PFR File, Tab 2. For ease of reference, we cite to the e-filed petition for review at Tab 2.

[5] The appellant also alleges that the agency violated 5 U.S.C. § 2302(b)(4), which prohibits deceiving or willfully obstructing any person regarding such person's right to compete for employment, and section 2302(b)(6), which prohibits granting any preference or advantage not authorized by law, rule, or regulation to any employee or applicant for employment to improve or injure the prospects of any particular person for employment. PFR File, Tab 1 at 11. The appellant raises these allegations for the first time on review. IAF, Tab 28 (Summary of Prehearing Conference). We decline to consider this argument because the appellant has not shown that it is based on new and material evidence not previously available despite her due diligence. *Banks v. Department of the Air Force,* 4 M.S.P.R. 268, 271 (1980).

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant has not shown that the administrative judge was biased.

In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation,* 1 M.S.P.R. 382, 386 (1980). An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if his comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army,* 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States,* 510 U.S. 540 (1994)); *Smets v. Department of the Navy,* 117 M.S.P.R. 164, ¶ 15 (2011), *aff'd,* 498 F. App'x 1 (Fed. Cir. 2012). The appellant's allegations on review, which do not relate to any extrajudicial conduct by the administrative judge, do not satisfy that standard.

The administrative judge did not abuse his discretion in denying two of the appellant's witnesses.

The appellant requested two witnesses to testify about the emotional impact that the IWR process had on her, about the unfairness of the process, and about how agency employees were not informed and were confused during the IWR process. IAF, Tab 23 at 13-14. The administrative judge denied these witnesses, finding that such testimony was not relevant to the issue of whether the agency followed its internal IWR procedures. IAF, Tab 28 at 6-7. On review, the appellant contends that the administrative judge's decision to deny these witnesses was detrimental to her case. PFR File, Tab 2 at 8.

It is well established that administrative judges have broad discretion to regulate the proceedings before them, including the discretion to exclude witnesses. *See Fritz v. Department of Health and Human Services,* 87 M.S.P.R. 287, ¶ 15 (2000); *Franco v. U.S. Postal Service,* 27 M.S.P.R. 322, 325 (1985) (stating that an administrative judge has wide discretion under 5 C.F.R. § 1201.41(b)(8), (10) to exclude witnesses when it has not been shown that their

testimony would be relevant, material, and nonrepetitious).  Here, the appellant has failed to show that the denied witnesses would have given testimony relevant to the agency's application of the IWR procedures to her.  To the extent that they could have corroborated the appellant's assertions that agency managers did not provide sufficient information when conducting the IWR and that employees were confused about the IWR process, she herself had the opportunity to testify about the IWR process and employees' understanding of it.  HCD (testimony of the appellant).  She also elicited testimony from agency officials who implemented the IWR.  HCD (testimony of Human Resources Specialist).  We therefore find that the administrative judge did not abuse his discretion in denying these witnesses.

The Board's scope of review of the IWR is the same as its scope of review in a reduction in force (RIF) under 5 C.F.R. part 351.

The Board has jurisdiction over an appeal challenging the RIF separation of an excepted-service TSA employee.  *See Wilke v. Department of Homeland Security*, 104 M.S.P.R. 662, ¶ 16 (2007).  However, under 49 U.S.C. § 114(n), TSA has the authority to modify the RIF procedures applicable to its excepted-service employees, *id*., ¶ 22, and it has done so, implementing procedures for an IWR, IAF, Tab 8 at 195-218 (Human Capital Management (HCM) Policy No. 351-3); *see Garofalo v. Department of Homeland Security*, 108 M.S.P.R. 169, ¶¶ 7-12 (2008).

The U.S. Court of Appeals for the Federal Circuit has held that "[a]n agency is accorded wide discretion in conducting a [RIF]; absent a clear abuse of that discretion, a substantial departure from applicable procedures, a misconstruction of governing statutes, or the like, we do not upset a final agency decision."  *Cooper v. Tennessee Valley Authority*, 723 F.2d 1560, 1562 (Fed. Cir. 1983) (quoting *Dancy v. United States*, 229 Ct. Cl. 300 (1982)); *Garofalo*, 108 M.S.P.R. 169, ¶ 15.  We recognize that the IWR procedures at issue here differ from traditional RIF procedures.  However, we find that, even in a case

such as this, when the workforce reduction is implemented under unique procedures, the Board is afforded only a limited scope of review. *See Pettis v. Department of Health and Human Services*, 803 F.2d 1176, 1179 (Fed. Cir. 1986); *Cooper*, 723 F.2d at 1562; *Garofalo*, 108 M.S.P.R. 169, ¶ 5. We have provided the appropriate scope of review in this case.

The agency properly applied its IWR procedures to the appellant's TSM position.

The appellant does not dispute that HCM Policy No. 351-3 contains the standards by which the agency's action in this appeal should be evaluated. HCM Policy No. 351-3 encourages management officials to consider a number of options before initiating IWR separations. IAF, Tab 8 at 198. These options include implementing hiring freezes, encouraging voluntary actions such as resignations or retirements, directing the reassignment of employees to other locations, and offering employees within affected organizations the opportunity to volunteer for IWR separations. *Id*. at 198-99. The policy does not require any of the enumerated options to be used in any particular case, however. *Id*. Once employees are identified for separation pursuant to IWR procedures, HCM Policy No. 351-3 authorizes management officials to offer those employees other positions within TSA, and states that, before alternative positions are offered, the employees must be fully qualified for placement in the alternative positions. *Id*. at 205. Such offers are not required, however. *Id*. The policy also states that employees identified for separation do not have assignment rights (bump or retreat rights). *Id*. The IWR procedures are applied to employees based on their positions of record. *Id*. at 200.

Although the appellant argued that she had been performing the AFSD-G position duties for years before the agency initiated the IWR at issue, that job was not her position of record. HCM Policy No. 351-3 defines "position of record" as:

> The employee's permanent position, as documented on the Notification of Personnel Action (SF-50 or equivalent), the current job description, and any other pertinent job documentation for the employee's current, permanent position. The position of record is defined by the employee's permanent pay band, occupational category, job series, work schedule type, and any other conditions that determine coverage under human capital management systems.

*Id*. at 197. A position to which an employee is temporarily assigned, i.e., detailed, acting, or temporarily promoted, is not considered the position of record for that position. *Id*. The record establishes that the appellant's position of record was TSM SV-1801-I. *Id*. at 29. Thus, the agency correctly used that position in determining the appellant's proper placement during the IWR.

The appellant's TSM position was in the I-band. *Id*. In the agency's notice of opportunity to request voluntary placement, it stated that stage one placements only would be to positions at the same pay band and with the same pay band opportunity or to a lower pay band with no greater opportunity than previously held. *Id*. at 70. The appellant requested voluntary placement into the three I-band positions on the vacancy list provided, including the AFSD-G position. *Id*. at 68. The agency explained to the appellant, however, that, although she qualified for the position, she was ineligible for placement in it under noncompetitive procedures. *Id*. at 67. The agency further explained that the appellant's TSM position had the promotion potential to the I-band, while the AFSD-G position was in the professional category and had the promotion potential of a higher level, the L-band. *Id*. at 64-65. The agency stated that its Management Directives/Handbook provides that an employee must compete for entry into a different job category that has a higher promotion potential. *Id*. at 64. The agency indicated that it listed the AFSD-G position on the stage one list that the appellant received because other TSMs, who also received the list, may have held professional category positions in the past and thus might have been eligible for placement into that job category without competition. *Id*. The agency's explanation for the appellant's nonselection into the AFSD-G position is

consistent with the official information that it provided the appellant regarding stage one of the IWR. This determination was within the agency's discretion, i.e., during stage one, only making placements to positions at the same pay band and with the same pay band opportunity. IAF, Tab 8 at 70; *Cooper*, 723 F.2d at 1562. We therefore disagree with the appellant that the agency misled her into believing that she would get any position she requested during phase one, including the AFSD-G position.

The Board does have jurisdiction over the appellant's claim of age discrimination.

The appellant contended below that the agency unfairly failed to offer her reassignment to a vacant AFSD-G position during stage one of the IWR process, i.e., the offer of vacant positions, based on her age, and thus the agency implemented HCM Policy No. 351-3 discriminatorily. As noted above, the administrative judge treated the appellant's claim as an allegation of nonselection for the AFSD-G position, rather than as an allegation of discrimination in the conduct of the IWR. As explained below, however, under the circumstances of this case, the appellant's claim that she was not offered the vacant AFSD-G position because of her age rises to an allegation of discrimination in the conduct of the IWR.

As noted above, HCM Policy No. 351-3 does not require the offer of vacant positions to employees identified for potential separation. It states that "[a]n employee whose position is eliminated and who is identified for potential separation *may be* offered another vacant TSA position." IAF, Tab 8 at 205 (emphasis in original). However, the agency's use of this alternative at stage one of the IWR makes it part of the IWR. As such, any improper motivation in extending the offers of vacant TSA positions during the IWR, including any age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 631, 633a, may taint the IWR. *Cf. Decker v. Department of Health and Human Services*, 40 M.S.P.R. 119, 127 (1989) (finding that, even though an agency establishes that a RIF was conducted for a valid management

reason, its improper motivation will taint the RIF). We therefore disagree with the administrative judge that the appellant's nonselection for the AFSD-G position was a nonselection outside of the IWR process.

In *Garofalo*, the appellant raised a claim of age discrimination in his separation under IWR procedures. The Board found that, because the record was fully developed, the inquiry was whether Mr. Garofalo met his ultimate burden of proving that his age was a determinative factor in the action. Thus, the Board reviewed all of the evidence to determine whether the agency intentionally discriminated against Mr. Garofalo. *Garofalo*, 108 M.S.P.R. 169, ¶ 19; *Jackson v. U.S. Postal Service*, 79 M.S.P.R. 46, 51-52 (1998). Here, the record is fully developed. Thus, we have reviewed all the evidence to determine whether the appellant established her allegation of age discrimination.

In *Wingate v. U.S. Postal Service*, 118 M.S.P.R. 566, ¶ 7 (2012), the Board held that a Federal employee may prove age discrimination by showing that age was "a factor" in the personnel action, even if it was not a but-for cause. *Id*., ¶ 7.

In this case, the appellant has provided no evidence to support her allegation that her age was a factor in the agency's decision. She contends that, during an earlier IWR, the agency allowed two similarly situated younger employees to transfer to positions with greater promotion potential, but because of her age, it did not afford her similar treatment. However, the appellant has provided no evidence to support her assertion that this difference in treatment was motivated by age discrimination. *See Wingate*, 118 M.S.P.R. 566, ¶ 9 (finding that the appellant's speculation about the agency's motives does not establish that age was a factor in the agency's actions). Additionally, the violation of the rule did not relate to the agency's actions in the current IWR that resulted in the appellant's separation, but related to actions in a different IWR that occurred a year earlier. Because the appellant's evidence is insufficient to establish that her age was a factor in the agency's decision not to transfer her into the vacant

AFSD-G position, we find that she failed to prove her claim of age discrimination.[6]

Accordingly, we affirm the initial decision, as modified by this Final Order.

**NOTICE OF APPEAL RIGHTS[7]**

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[6] Because the appellant failed to show that her age was a motivating factor in the agency's decision to separate her, we do not reach the question of whether age was a but-for cause of her separation. *See Johnson v. Department of Veterans Affair*s, 2023 MSPB 9, ¶ 5 n.2

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

<u>receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420, (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[8]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          *Gina K. Grippando*

          _____

          Gina K. Grippando
          Clerk of the Board