**Falicha ADAMS, An Infant by her Parent and Natural Guardian, Paula ADAMS, Plaintiff-Appellant,**

**v.**

**UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, Defendant-Appellee.**

**No. 272, 86–6146.**

United States Court of Appeals, Second Circuit.

Submitted Nov. 5, 1986.

Decided Dec. 17, 1986.

Mackenzie, Smith, Lewis, Michell & Hughes, Syracuse, N.Y., for plaintiff-appellant.

Frederick J. Scullin, Jr., U.S. Atty. for the N.D. of N.Y., Syracuse, N.Y. (Craig A. Benedict, Asst. U.S. Atty., Syracuse, N.Y., of counsel), for defendant-appellee.

Before LUMBARD, OAKES and KEARSE, Circuit Judges.

KEARSE, Circuit Judge:

Plaintiff Paula Adams ("Adams"), suing in her own right and on behalf of her daughter Falicha Adams ("Falicha"), appeals from a final judgment entered in the

United States District Court for the Northern District of New York, Howard G. Munson, *Chief Judge*, summarily dismissing her claims against defendant United States Department of Housing and Urban Development ("HUD" or the "government"), brought under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680 (1982) ("FTCA"), to recover damages totaling $4,400,000 allegedly resulting from an accident to Falicha in their home, housing owned by HUD. The district court granted the government's motion for summary judgment on the ground that plaintiff had failed to comply with certain jurisdictional prerequisites to suit under the FTCA because Adams had failed to file an administrative claim with HUD on her own behalf and because Falicha's administrative claim failed to specify the precise amount of her claim. *See* 28 U.S.C. § 2675. On appeal, Adams argues that the dismissal was improper because, in the circumstances, the government had adequate notice of her claim and of the amount of Falicha's claim. We reject these contentions and affirm (1) the dismissal of Adams's claim in its entirety, and (2) the dismissal of Falicha's claim to the extent that it demands more than $1,000.

## I. BACKGROUND

According to the complaint, in March 1984, Adams and Falicha resided in Syracuse, New York, in an apartment complex owned by HUD. On March 31, 1984, a kitchen cabinet in their apartment fell from the wall and hit Falicha. She was taken to a local hospital where she was treated and released on the same day.

On May 17, 1985, Thomas F. Quinlan, an attorney, wrote a letter "Re: *Falicha Adams*" ("Quinlan letter") to HUD official Joseph Soto, requesting compensation for Falicha's injuries resulting from the accident. This letter, accompanied by a narration of the circumstances surrounding the accident, a medical report, and three invoices, stated in pertinent part as follows:

As a result of this incident, medical expenses were incurred which are in excess of $1,000.00. We enclose copies of bills from [two medical doctors and a radiologist] which total $893.31....

If you had public liability coverage at the time this accident occurred, it is requested that you refer the enclosed documents to the appropriate insurance carrier. We would like to negotiate a settlement of this matter and avoid the necessity of litigation, if possible.

Quinlan was subsequently contacted by one of the government's insurance carriers who offered $2,000 in settlement of the claim. Quinlan demanded $7,500, and no settlement was reached.

In February 1986, Adams commenced the present action, alleging that the fall of the kitchen cabinet was the result of the government's negligence and had caused pain and suffering and permanent physical injuries to Falicha and the loss of Falicha's services to Adams. The complaint sought $4,000,000 in damages for Falicha plus $400,000 for Adams in her own right. HUD filed an answer and moved for summary judgment dismissing the complaint for lack of subject matter jurisdiction. HUD conceded that the Quinlan letter constituted an administrative claim on behalf of Falicha, but it argued that Adams had failed to file any administrative claim on her own behalf as required by § 2675(a), and that Falicha's claim was not sufficiently definite in amount.

After hearing oral argument, the district court agreed and granted HUD's motion. Judgment was entered dismissing the complaint, and this appeal followed.

## II. DISCUSSION

FTCA § 2675 provides, in pertinent part, that

(a) An action shall not be instituted upon a claim against the United States for money damages for ... personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first

presented the claim to the appropriate Federal agency

. . . .

(b) Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency. . . .

Adams argues principally (1) that she should be deemed to have filed a claim within the meaning of § 2675(a) because HUD was aware of her close relationship to Falicha, who had filed a claim, and (2) that the failure of Falicha's administrative claim to request a sum certain should not be fatal under § 2675 since her claim was adequate to inform the government of the underlying circumstances and enable it to attempt to negotiate a settlement. We disagree with both contentions, although we conclude that the dismissal of the claim on behalf of Falicha should be vacated because her administrative claim should be viewed as requesting the sum of $1,000.

### A. *The Dismissal of Adams's Claim*

■ Adams filed no administrative claim of her own with HUD, and her claim in the present action was properly dismissed because § 2675(a) prohibits suit against the United States "unless the claimant shall have first presented the claim to the appropriate Federal agency." She seeks to avoid this prohibition by arguing that her name should be read into the administrative claim filed on behalf of her daughter and that the government should be estopped from asserting the administrative filing requirement against her because it knew or should have known that she might have a claim arising out of her daughter's accident. Neither contention has merit.

In support of the contention that Adams's name should be read into Falicha's administrative claim, Adams relies on *House v. Mine Safety Appliances Co.*, 573 F.2d 609, 615–16 (9th Cir.), *cert. denied sub nom. Silver Dollar Mining Co. v. PVO International, Inc.*, 439 U.S. 862, 99 S.Ct. 182, 58 L.Ed.2d 171 (1978), *overruled on other grounds, Warren v. United States Department of the Interior*, 724 F.2d 776, 780 (9th Cir.1984). Her reliance is mis-

placed. In *House*, the plaintiffs had in fact filed their own administrative claim. The *House* court merely held that this administrative claim would not be ruled inadequate solely by reason of the fact that some of the required information was incorporated by reference from the administrative claims filed with the agency by other persons who also claimed damages as a result of the same occurrence. *See* 573 F.2d at 615. This holding does not help Adams, who, on her own behalf, filed nothing.

Adams's contention that the district court should have held the government estopped from asserting the filing requirement against her borders on the frivolous. She did not allege any act of misconduct on the part of any government official, and the government was under no obligation to advise her to comply with § 2675 if she wished eventually to bring suit, *see Dancy v. United States*, 229 Ct.Cl. 300, 668 F.2d 1224, 1228 (1982) (even if government has actual or constructive notice of a possible claim, it has no duty to solicit an administrative claim to ensure that the jurisdictional prerequisite to suit is properly laid). Thus, a finding of estoppel would have been improper. *See Schweiker v. Hansen*, 450 U.S. 785, 788, 101 S.Ct. 1468, 1470, 67 L.Ed.2d 685, *reh'g denied*, 451 U.S. 1032, 101 S.Ct. 3023, 69 L.Ed.2d 401 (1981); *Chu v. Schweiker*, 690 F.2d 330, 334 (2d Cir. 1982); *United States v. RePass*, 688 F.2d 154, 158 (2d Cir.1982).

We conclude that Adams's claim for damages for the loss of Falicha's services was properly dismissed.

### B. *The Dismissal of Falicha's Claim*

■ We and other circuits have held, on various grounds, that the administrative filing prerequisites in § 2675 encompass a requirement that the request for damages in any administrative claim state a sum certain. *See Keene Corp. v. United States*, 700 F.2d 836, 841–42 (2d Cir.), *cert. denied*, 464 U.S. 864, 104 S.Ct. 195, 78 L.Ed.2d 171 (1983); *Erxleben v. United States*, 668 F.2d 268, 271 & n. 3 (7th Cir.

1981) (per curiam); *Adams v. United States*, 615 F.2d 284, 291–92 n. 15 (5th Cir.), *clarified on reh'g*, 622 F.2d 197 (5th Cir. 1980) (per curiam); *Caton v. United States*, 495 F.2d 635, 638 (9th Cir.1974). The requirement that the claim state a specific dollar sum, like other requirements imposed in a § 2675, is jurisdictional and cannot be waived. *See Keene Corp. v. United States*, 700 F.2d at 841; *Hohri v. United States*, 782 F.2d 227, 245 (D.C.Cir. 1986).

We reject Adams's contention that Falicha's administrative claim for an amount "in excess of $1,000.00" met the sum certain requirement with respect to a suit for $4,000,000 merely because it informed the government of the circumstances underlying the claim and enabled the government to attempt to negotiate a settlement. First, acceptance of this proposition would in effect nullify the prohibition in § 2675(b) against any suit for an amount in excess of that stated in the administrative claim, for there is no theoretical upper limit on an amount that is described only as being "in excess of" a stated dollar figure. Further, one purpose of the specificity requirement is to give the government adequate notice of the extent of the claimant's demands. A claim mentioning the sum of $1,000 does not give notice that the claimant actually contends he suffered damages in the amount of $4,000,000. Thus, we find no merit in Adams's argument that Falicha's administrative claim was sufficient to permit the present suit for $4,000,000 to proceed.

Nonetheless, we are not persuaded that Falicha's claim should have been dismissed in its entirety. While a claimant's failure to state any dollar amount in his administrative claim would give the government no notice of the extent of his claim and would, under § 2675(b), deprive the court of jurisdiction to consider his subsequent suit, we do not believe an otherwise adequate request for a specific dollar amount should be deemed fatally uncertain by reason of the claimant's mere inclusion of the words "in excess of." Such a request gives the government adequate notice to the extent of the stated dollar amount. Since a principal purpose of the FTCA is to promote fairness in the settlement of tort claims asserted against the United States, *see Johnson ex rel. Johnson v. United States*, 788 F.2d 845, 848–49 (2d Cir.1986); *Erxleben v. United States*, 668 F.2d at 273, we think it more appropriate, where the plaintiff's administrative claim is otherwise adequate, to treat the qualifying words "in excess of" simply as surplusage, leaving the specific amount stated as the claim. *See, e.g., Martinez v. United States*, 728 F.2d 694, 697 (5th Cir.1984) (administrative claim for damages "in excess of $100,000" stated a claim for $100,000); *Erxleben v. United States*, 668 F.2d at 270, 272–73 (administrative claim alleging damages of "$149.42 presently" stated a claim in that amount).

In the present case, the Quinlan letter requested damages "in excess of $1,000.00." This should be deemed sufficiently definite to the extent of $1,000.

Our decision in *Keene Corp. v. United States*, in which we declined to disregard qualifying language in order to hold an administrative claim sufficient, is not to the contrary. In *Keene* we considered the sufficiency of the plaintiff's administrative claim against the United States for expenses incurred by the plaintiff in connection with more than 14,000 asbestos-related lawsuits filed against it; with respect to approximately 1,000 of these lawsuits, the administrative claim had requested damages "in the sum of $1,088,135 and in an additional amount yet to be ascertained." We held that the amount stated, as qualified by the demand for "an additional amount yet to be ascertained," was too indefinite to satisfy the sum certain requirement of § 2675. We declined to disregard the qualifying language and to deem the claim one for $1,088,135 only because the *Keene* claim had an additional defect: it failed to inform the United States of its potential exposure on each of the 1,000 underlying suits. *See* 700 F.2d at 842.

The reason for declining to disregard the qualifying language in *Keene* does not exist here, for the government has not called to our attention any respect in which Falicha's administrative claim was defective other than in its use of the "in excess of" phrase to qualify the stated $1,000 amount. We conclude that that phrase should be disregarded and that the present suit may proceed on her behalf to the extent of a demand for $1,000.

## CONCLUSION

The judgment of the district court is affirmed insofar as it dismissed Adams's claim and is vacated in so far as it dismissed Falicha's claim. The matter is remanded to the district court for further proceedings not inconsistent with this opinion. No costs.

A. Leon Higginbotham, Jr., Circuit Judge, filed opinion dissenting in part.