**HARTFORD ACCIDENT & INDEMNITY as Subrogee of Hicksville Fire District, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. CV 89–0506.**

United States District Court,
E.D. New York.

Oct. 6, 1989.

Martin, Fallon & Mullé by Richard C. Mullé, Huntington, N.Y., for plaintiff.

Andrew J. Maloney, U.S. Atty. by Lisa M. Burianek, Asst. U.S. Atty., Brooklyn, N.Y., for defendant.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

In this action brought pursuant to the Federal Tort Claims Act ("FTCA"), plaintiff the Hartford Accident and Indemnity Company ("Hartford") seeks recovery as a subrogee of its insured, the Hicksville Fire District. Compensation is sought from the defendant United States of America on the ground that a United States Postal Service ("USPS") truck driven by a USPS employee was responsible for damage sustained by Hartford's insured. Presently before the Court is the Government's motion to dismiss the complaint for failure to comply with the applicable statute of limitations. For the reasons set forth below, the motion is granted.

### I. *Background*

As noted above, Hartford seeks recovery from the Government in its capacity as a subrogee of its insured, the Hicksville Fire District. The incident that led to Hartford's payment took place on December 11, 1985 when a vehicle insured by Hartford collided with a vehicle owned and operated by the USPS. Documents presently before the Court indicate that Hartford paid its insured approximately $5,000 for property damage sustained as a result of the December 1985 incident.

On January 27, 1986 Hartford wrote a letter to the USPS informing them of payments made in connection with the December 1985 incident. The caption of that letter states the identity of Hartford's insured, Hartford's file and policy number and the date of the accident and the town where the accident occurred. The body of the January 1986 letter states, in pertinent part:

> As a result of the above captioned accident, claim has been made by our Insured.
>
> This is notice to you of our intention to seek full reimbursement from you for all payments made.
>
> If you are insured, please write the name of your agent, the insurance company, and your policy number below.... If you are not insured, please contact the writer at once.

In addition to responding to the requests in Hartford's letter, the USPS sent a letter dated January 28, 1986 to Hartford. That letter acknowledges receipt of Hartford's letter and advises Hartford of the requirement of filing a claim on government Form 95. The letter also informs Hartford that claims from insurance carriers are required to be supported by evidence of the right to subrogation. For Hartford's convenience the Government included in the Government's letter a blank claim form and subrogation receipt.

Nearly two years later, when Hartford had still failed to provide the requested documentation, the Government sent a letter dated December, 1987 to Hartford. That letter was sent along with additional blank claim forms and reiterated the requirements set forth in the January 28, 1986 letter.

On February 18, 1988, more than two years after the accident at issue, Hartford sent a completed Form 95 and a subrogation receipt to the USPS. Because the form was unsigned and submitted without the name of the claimant, the Government considered the claim to be void and notified Hartford of the deficiencies by correspon-

dence dated February 16, 1988. Finally, on May 16, 1988 Hartford submitted a completed Form 95 to the USPS. Later that same year the Government informed Hartford that its claim was denied because it was not properly filed within the applicable two year statute of limitations. This action followed.

## II. *Discussion*

Section 2675 of the FTCA, 28 U.S.C. Section 2675 ("Section 2675") states that a tort action may not be commenced against the United States unless the claim is first presented to the appropriate federal agency and that agency has disposed of the claim or the claim has been pending before the agency for six months. *See* 28 U.S.C. Section 2675(a). Section 2401 of the FTCA, 28 U.S.C. Section 2401 ("Section 2401") states that tort claims against the United States are "forever barred" unless presented to the appropriate federal agency within two years after the claim accrues or unless the action is commenced within six months of the agency's denial of the claim. *See* 28 U.S.C. Section 2401(a). Arguing that Hartford failed to comply with these time periods, the Government seeks dismissal of the complaint.

■ The accident at issue occurred on December 12, 1985. In light of the above referenced statutes, Hartford was required to present its claim to the Government by December 12, 1987 or six months after agency denial or inaction. In support of its motion to dismiss, the Government argues that since Hartford's claim was not properly presented until May of 1988, the claim must be dismissed as untimely. In support of its position, Hartford argues that its January 27, 1986 letter apprised the Government of its claim. Thus, the issue before the Court is whether the January 1986 letter constitutes presentment of Hartford's claim within the meaning of the FTCA sufficient to toll the running of the two year statute of limitations.

■ At the outset the Court notes that the requirement that a claimant first present his claim to the appropriate federal agency is jurisdictional and cannot be waived. *Keene Corp. v. United States,*

700 F.2d 836, 841 (2d Cir.1983). In addition, the procedures triggering the FTCA's waiver of sovereign immunity have been held to require strict application. *Id.; Rispoli v. United States,* 576 F.Supp. 1398, 1403 (E.D.N.Y.1983).

■ The administrative exhaustion requirement exists to avoid unnecessary litigation by enabling the Government to promptly evaluate and investigate claims for early settlement at the administrative level. *See Keene Corp.,* 700 F.2d at 842. To further this goal, a sufficient notice of claim must, at the very least, contain a statement of the damages sought. *Id.*

Although the Court might rule that the failure to file a claim on government Form 95 within two years is fatal to the argument that a claim was timely presented, such a ruling is not necessary in this case. Here, in addition to failing to complete the proffered Form 95, Hartford failed, in any way, to describe its claim against USPS with any detail. Hartford's failure to state the amount sought or otherwise specify the nature of its claim made it impossible for the Government to fairly evaluate the claim. Under these circumstances, the Court cannot hold that Hartford's claim was presented to the Government, within the meaning of the FTCA, within the statutory period. The Court also rejects the notion, set forth in Hartford's answering affirmation, that the interests of justice require a contrary finding. The Government acted equitably when, on two separate occasions, it communicated with Hartford and inform it of the information needed to fairly evaluate its claim. If Hartford did not ignore the Government's requests, its present action would have been timely.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss Hartford's complaint is granted. The Clerk of the Court is directed to enter judgment accordingly.

SO ORDERED.