**Anthony J. MARCHESE and Rhombus Financial Services, Ltd., Plaintiffs,**

v.

**The UNITED STATES of America and Federal Deposit Insurance Corporation, Defendants.**

No. 91 Civ. 1300 (CSH).

United States District Court, S.D. New York.

Dec. 23, 1991.

Gary A. Mastronardi, Bridgeport, Conn., for plaintiffs.

Stuart M. Gerson, Asst. Atty. Gen., Jeffrey Axelrad, Bridget A. Gauntlett, U.S. Dept. of Justice, Washington, D.C., for defendant U.S.

Marguerite Sagatelian, Federal Deposit Ins. Corp., New York City, for defendant Federal Deposit Ins. Corp.

## MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge:

This case is before the Court on the motion of defendant United States of America under Rules 12(b)(1) and 12(b)(6), Fed.R.Civ.P., to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim; and the motion of defendant Federal Deposit Insurance Corporation ("FDIC") to dismiss under Rule 12(b)(6).

For the reasons set forth below, defendants' motions are granted.

## BACKGROUND

Plaintiffs Anthony J. Marchese and Rhombus Financial Services Limited ("Rhombus") filed the instant action against the United States and the FDIC seeking to recover interest allegedly owing on two certificates of deposit which were withheld by the FDIC, after People's National Bank of Rockland County, New York ("People's National"), the institution where plaintiff's purchased the CDs, became insolvent and the FDIC was appointed as receiver.

On or about June 30, 1983, plaintiff Marchese purchased a certificate of deposit from People's National in the amount of $400,000. Plaintiff Rhombus, a company which previously did business under the name Central Financial Services, Ltd., purchased a certificate of deposit from People's National in the amount of $100,000 in March 1985. People's National subsequently made three loans to Marchese all of which were collateralized by his certificate of deposit. Complaint ("Compl.") ¶¶ 5–7.

On September 6, 1985 People's National deducted $276,096.35 from Marchese's $400,000 in order to satisfy principal and interest payments on the three loans Marchese had outstanding from the bank. After this set-off and after interest was credited, the principal balance then remaining in Marchese's certificate of deposit was $125,909.12. Compl. ¶ 6, Exh. A.

On September 13, 1985 the Office of the Comptroller of the Currency declared People's National to be insolvent and appointed the FDIC to be the receiver for the Bank. People's National was then acquired by the First National Bank of Highland, New York. When the assets of People's National were transferred to first National Bank of Highland, the FDIC withheld payment of the insured portion of plaintiffs' certificates of deposit, pursuant to its authority under 12 U.S.C. § 1822(d), pending a determination as to whether the funds should be offset as payment for liabilities owed to People's National. Compl. ¶¶ 8–9.

On March 21, 1990 the FDIC paid Marchese and Rhombus the insured portion of their accounts, together with rateable dividends paid out of the receivership estate in partial satisfaction of the uninsured amounts of their deposits. Since the limit for insured deposit is $100,000 Marchese and Rhombus each received $100,000 checks and checks for part of the uninsured amounts. Compl. ¶ 10, Exh. B. Plaintiffs did not receive interest on these certificates of deposit' for the period between September 13, 1985, when the certificates of deposits were withheld, and March 21, 1990, the date the principal amounts were returned to them. Compl. ¶ 11.

By letter dated April 9, 1990 counsel for plaintiffs wrote the FDIC to inquire under what authority the certificates of deposit had been seized and under what authority they had been held by the FDIC without the payment of interest. By letter dated May 1, 1990 an attorney for the FDIC responded that pursuant to 12 U.S.C.

§ 1822(d), the certificates of deposit were held for payment against various loans which were in arrears, and once the FDIC decided not to pursue a claim against plaintiffs, payment was made by letter dated March 21, 1990. The attorney for the FDIC also stated that "the FDIC is not required to pay interests on deposits which are subject to a contingent claim." Compl. ¶ 11, Exh. C.

By letter dated May 22, 1990 counsel for plaintiffs wrote the FDIC and disputed the position taken by the FDIC. Plaintiffs argued that prior to the FDIC's appointment as receiver for People's National, People's National itself had satisfied the outstanding loans by charging them against Marchese's certificate of deposit. Plaintiff contended that the certificate of deposit should never have been seized and that at a minimum the FDIC should have notified plaintiff Marchese that his certificate of deposit had been seized. Counsel for plaintiffs also noted that the Rhombus certificate of deposit was never collateral for any loans. Counsel for plaintiffs asserted that the FDIC had withheld the certificates of deposit in error and asked that the FDIC reconsider its decision not to pay interest on certificates of deposit. Counsel for plaintiff demanded that the FDIC pay interest on the principal amounts of the certificates of deposit. Counsel's letter gave the FDIC thirty days within which to investigate the factual validity of the claims. Letter of Gary A. Mastronardi, Esq. dated May 22, 1990, Compl. ¶ 11, Exh. C.

On December 5, 1990 Marchese and Rhombus filed the instant action to recover the interest which would have accrued on their certificates of deposit. The plaintiffs allege that they "have not received interest on their funds for the period between September 13, 1985 and March 21, 1990." Compl. ¶ 11. The complaint pleads five counts for recovery: wrongful conversion, breach of fiduciary duty, negligence, due process and breach of contract. In the complaint plaintiffs state that jurisdiction is based upon the Fifth Amendment to the United States Constitution and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b). Compl. ¶ 1.

Defendant United States now moves to dismiss under Fed.R.Civ.P. 12(b)(1) and 12(b)(6) on the grounds that this Court lacks subject matter jurisdiction because plaintiffs failed to file a notice of claim, that plaintiffs cannot recover prejudgment interest against the United States under the FTCA, and that plaintiffs have failed to state a tort claim cognizable under the FTCA.

Defendant FDIC moves for an order dismissing the complaint pursuant to Fed. R.Civ.P. 12(b)(6) on the grounds that suits for the recovery of prejudgment interest against the FDIC are barred by sovereign immunity and that ordering the payment of interest would penalize the FDIC for delay in paying deposit insurance because of the operation of the offset provisions of the Federal Deposit Insurance Act, 12 U.S.C. § 1822(d).

Plaintiffs respond that they did comply with the notice of claim provisions, that they are seeking damages rather than prejudgment interest, and that the FDIC negligently withheld their certificates of deposit, which gives them a tort action cognizable under the FTCA.

## DISCUSSION

On a motion to dismiss under Rule 12(b)(6), the trial court's function "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir.1980). "[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The district court should grant a Rule 12(b)(6) motion "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984) (*citing Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)).

 Except in certain circumstances, consideration of a motion to dismiss the complaint must focus on the allegations contained on the face of the complaint. *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir.1991). On a motion to dismiss, a district court must accept plaintiff's allegations as true, *Papasan v. Allain*, 478 U.S. 265, 283, 106 S.Ct. 2932, 2943, 92 L.Ed.2d 209 (1986), and the allegations must be "construed favorably to the plaintiff." *LaBounty v. Adler*, 933 F.2d 121, 123 (2d Cir.1991). "[A] Rule 12(b)(6) motion to dismiss need not be granted nor denied in toto but may be granted as to part of a complaint and denied as to the remainder." *Decker v. Massey–Ferguson, Ltd.*, 681 F.2d 111, 115 (2d Cir.1982).

### Plaintiffs' Compliance with the Notice of Claim Requirement

 The United States argues that plaintiffs have not complied with the FTCA's notice of claim requirement, 28 U.S.C. § 2675, and that this action should be dismissed. While the United States concedes that courts do permit amendment of the complaint to show compliance with the notice of claim requirement, it contends that plaintiffs cannot amend because they did not file administrative claims with the appropriate agency prior to filing suit. Memorandum of Law In Support of Defendant United States' Motion to Dismiss ("Gov. Mem.") at 5–6; *see* Affidavit of Hoyle Robinson, Executive Secretary to the Board of Directors of FDIC. Robinson, who states that all FTCA claims are forwarded to his office and that he maintains a record of such claims, declares that the FDIC has not received any administrative claims or notices of administrative claims under the FTCA from either of the plaintiffs. The government also argues that counsel's May 22, 1990 letter is not an adequate notice of claim because it fails to specify a sum certain. Reply Memorandum In Support of Defendant United States' Motion to Dismiss at 2–3.

Plaintiffs respond that § 2675(a) only requires that a potential plaintiff put the government on notice that a claim exists. Plaintiffs rely on *Johnson by Johnson v. United States*, 788 F.2d 845, 848–49 (2d Cir.), *cert. denied*, 479 U.S. 914, 107 S.Ct. 315, 93 L.Ed.2d 288 (1986), where the Second Circuit held that an administrative claim pursuant to § 2675(a) "need not meet formal pleading requirements, so long as the claim is specific enough to serve purposes of easing court congestion and avoiding unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims."

Plaintiffs contend that their counsel's letter of May 22, 1990 served as an adequate notice of claim to the FDIC. Plaintiffs rely on the section of that letter where counsel "makes demand upon the FDIC for all interest due on the principal amount of my clients' CDs that were held by the FDIC through March 21, 1990, as well as on all balances still due and owing my clients as interest withheld to date." While plaintiffs concede that their letter demanded a response within thirty days, they point out that they did in fact wait more than six months, from May 22, 1990 to December 5, 1990, before bringing this action. Plaintiffs argue that this letter was an adequate notice of claim under the FTCA. Plaintiffs contend that since the May 22, 1990 letter was attached to and incorporated by reference in the complaint in this case, the plaintiffs have complied with the notice provisions of the FTCA. Plaintiffs' Memorandum of Law In Opposition to Defendants' Motions to Dismiss ("Plain Mem.") at 15–18.

The United States enjoys sovereign immunity except to the extent it has waived its immunity, *Lehman v. Nakshian*, 453 U.S. 156, 160, 101 S.Ct. 2698, 2701, 69 L.Ed.2d 548 (1981), and any waiver of immunity must be construed strictly. *Library of Congress v. Shaw*, 478 U.S. 310, 318, 106 S.Ct. 2957, 2963, 92 L.Ed.2d 250 (1986); *Akutowicz v. United States*, 859 F.2d 1122, 1125 (2d Cir.1988). Congress waived sovereign immunity when it passed the FTCA, which provides a tort action for injuries to person or property as the result of an act or omission by a federal agency or employee. 28 U.S.C. §§ 1346(b), 2671, 2674–75.

The FTCA imposes a notice of claim requirement on plaintiffs wishing to bring suit against the United States. Title 28 U.S.C. § 2675(a) provides:

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the federal rules of civil procedure by third party complaint, crossclaim, or counterclaim.

The FTCA also provides that failure to file an administrative claim within two years after the claim has accrued results in a claim being "forever barred." 28 U.S.C. § 2401(b).

■ The requirement that a potential plaintiff file a notice of claim is jurisdictional and may not be waived. *Deutsch v. Federal Bureau of Prisons*, 737 F.Supp. 261, 266 (S.D.N.Y.1990), *aff'd without op.*, 930 F.2d 909 (2d Cir.1991). "The burden is on the plaintiff to both plead and prove compliance with the [FTCA's] statutory requirements." *In re Agent Orange Product Liability Litigation*, 818 F.2d 210, 214 (2d Cir.1987) (citations omitted), *cert. denied*, 484 U.S. 1004, 108 S.Ct. 695, 98 L.Ed.2d 647 (1988). "In the absence of such compliance, a district court has no subject matter jurisdiction over the plaintiff's claim." *Id.* (citing *Wyler v. United States*, 725 F.2d 156, 159 (2d Cir.1983)).

Title 28 U.S.C. § 2675(b) provides:

Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the in-creased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

Federal regulations promulgated pursuant to § 2672 require a claimant to submit a "claim for money damages in a sum certain." 28 C.F.R. § 14.2(a) (1991); *see Keene Corp. v. United States*, 700 F.2d 836, 841 n. 9 (2d Cir.) (noting that courts in this district have applied these regulations to § 2675), *cert. denied*, 464 U.S. 864, 104 S.Ct. 195, 78 L.Ed.2d 171 (1983).

"[T]he statement of damages in any Notice of Claim must contain a sum certain." *Keene Corp.*, 700 F.2d at 841–42. "The requirement that the claim state a specific dollar sum, like other requirements imposed in § 2675, is jurisdictional and cannot be waived." *Adams by Adams v. U.S. Dept. of Housing and Urban Dev.*, 807 F.2d 318, 321 (2d Cir.1986) (citation omitted); *see In re Agent Orange*, 818 F.2d at 198.

Plaintiffs' May 22, 1990 letter was adequate to meet the notice of claim requirements of the FTCA. The letter clearly informed the FDIC that plaintiffs sought the recovery of the interest they would have earned on their certificates of deposit from the time they were seized in September 1985 until March of 1990. While the notice of claim itself did not provide for a six month period for the FDIC to investigate the claim, plaintiffs did in fact wait six months before bringing suit. The government's argument that the instant suit is barred because plaintiffs did not pick an arbitrary interest rate and multiply their $100,000 certificates of deposit by that rate must be rejected. The notice of claim made by plaintiffs does not fail merely because they did not undertake this arithmetic. The FDIC was given a detailed description of plaintiffs' claim and that agency, as the nation's chief bank regulator, presumably was competent to calculate the amount of the plaintiffs' interest. This is not a case where plaintiffs' claim was so scatter-shot that the agency was

not apprised of the claim. *See Keene Corp.*, 700 F.2d at 842. In addition, it is not as if the FDIC rejected plaintiffs' claim based on a dispute over the appropriate rate of interest; rather, the FDIC never responded to plaintiffs' letter at all. The May 22, 1990 letter informed the FDIC of the exact nature of plaintiffs' claim and gave the FDIC sufficient information to investigate that claim, if it had seem fit to do so. Plaintiffs' suit will not be dismissed for failure to file a notice of claim.

### Propriety of an FTCA Claim for Interest

■ The United States contends that the complaint must be dismissed because plaintiffs are seeking interest on their certificates of deposit. It is the United States' position that the FTCA does not waive sovereign immunity for awards of prejudgment interest. The government argues that plaintiffs are trying to recover their loss caused by the FDIC's delay in paying the principal on their certificates of deposit. The government argues that because plaintiffs are seeking an award of interest and because they allege jurisdiction for their claims under the FTCA, § 2674 expressly bars their claims for interest against the United States. Gov.Mem. at 10.

The FDIC also moves to dismiss on the ground that sovereign immunity bars a suit for an award of interest and because the Federal Deposit Insurance Act does not contain a waiver permitting a suit for an award of interest. The FDIC argues that courts have expressly rejected award of prejudgment interest against the FDIC for delay in paying deposit insurance. *See Philadelphia Gear Corp. v. Federal Deposit Insurance Corporation*, 751 F.2d 1131, 1138 (10th Cir.1984), *rev'd on other grounds*, 476 U.S. 426, 106 S.Ct. 1931, 90 L.Ed.2d 428 (1986); FDIC Memorandum of Law ("FDIC Mem.") at 3–5. The FDIC also contends that since it has express statutory authority to withhold deposits under § 1822(d), the Court should not penalize the FDIC for any delay in payment of deposit insurance caused by the exercise of the FDIC's authority, particularly because of the no-interest rule. FDIC Mem. at 6.

Plaintiffs respond that they are not seeking prejudgment interest because they do not seek to recover for any advantage defendants derive for the possession of the interest which would have accrued on plaintiffs' certificates of deposits, nor do they seek compensation for any disadvantage or loss occasioned by the payment of the principal amounts of the certificates of deposit years after they were seized. Plaintiffs contend that they seek to recover instead the full value of their certificates of deposit as of March 1990. In plaintiffs' view, "it is the 'interest' itself that represents the damages plaintiffs have sustained, because that interest constitutes the residual value of the plaintiffs' CDs which would have and should have been earned by the plaintiffs through March, 1990 had their CDs been properly handled and rolled over ... rather than being subjected to Section 1822(d) treatment by FDIC." Plain.Mem. at 10. Plaintiffs concede that the FDIC has the authority to withhold deposits against which a set-off may be asserted and that the FDIC is not required to pay interest on any such withheld deposits. Plaintiffs contend that the complaint is founded on the claim that the certificates of deposit seized by the FDIC should not have been withheld under § 1822(d) at all because plaintiffs' loans from People's National had been repaid in full one week before the FDIC seized the bank. Plain.Mem. at 12.

"The no-interest rule is to the effect that interest cannot be recovered in a suit against the Government in the absence of express waiver of sovereign immunity from an award of interest." *Library of Congress*, 478 U.S. at 311, 106 S.Ct. at 2960. If Congress has not consented to an award of interest "separate from a general waiver of immunity to suit, the United States is immune from an interest award." *Id.* at 314, 106 S.Ct. at 2961. "[T]he no-interest has been applied to prevent parties from holding the United States liable on claims grounded on the belated receipt of funds, even when characterized as compensation for delay." *Id.* at 322, 106 S.Ct. at 2965. In delineating the extent of the no-interest rule, the Supreme Court has held

'The character or nature of "interest" cannot be changed by calling it "damages", "loss," "earned increment," "just compensation," "discount," "offset," or "penalty," or any other term, because it is still interest and the no interest rule applies to it.'

*Id.* at 321, 106 S.Ct. at 2965. (*citing and quoting United States v. Mescalero Apache Tribe*, 518 F.2d 1309, 1322, 207 Ct.Cl. 369 (1975), *cert. denied*, 425 U.S. 911, 96 S.Ct. 1506, 47 L.Ed.2d 761 (1976)).

The FTCA provides at 28 U.S.C. § 2674:
The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

Although the FTCA is a partial waiver of sovereign immunity, Congress clearly carved out an exception for awards of interest.

In *Preston v. United States*, 776 F.2d 754 (7th Cir.1985), a group of farmers brought suit under the FTCA to recover the value of grain converted by the Commodity Credit Corporation and sought damages for the loss of the use of the converted grain. The Seventh Circuit affirmed a damage award which only compensated plaintiffs for the value of the converted grain because it found that a claim for damages for loss of the use of converted grain was actually a claim for an award of interest. The Seventh Circuit said:

In reality, the plaintiffs are seeking an award of prejudgment interest since they would have sold the grain if the CCC had not converted it and since they would have been able to obtain interest on the proceeds from this sale. Compensation for the use of money damages prior to judgment would clearly be an award of prejudgment interest, which is barred by the Federal Tort Claims Act.... The courts have not allowed recovery of an award that represents either an advantage to the United States from its possession of money damages from the time of the injury to the date of the judgment or

a disadvantage or loss to the plaintiff occasioned by the fact that payment of the damage award occurring some months or years after the injury was suffered.

*Id.* at 760 (citations omitted); *see Barrett v. United States*, 660 F.Supp. 1291, 1319–20 (S.D.N.Y.1987).

The Federal Deposit Insurance Act has also been held to contain no waiver of sovereign immunity for claims for an award of interest. In holding that prejudgment interest should not be awarded on Federal Deposit Insurance claims, the Tenth Circuit stated "Congress expressly recognized that delays would occur in paying some [deposit] insurance claims, yet it did not expressly waive its immunity to prejudgment interest." *Philadelphia Gear Corp.*, 751 F.2d at 1139.

The rule that the United States and the FDIC cannot be sued for an award of interest bars plaintiffs' claims for interest they would have earned on their certificates of deposit. The plaintiffs seek the interest they could have earned on the principal amounts on their certificates of deposit if the FDIC had not withheld them from 1985 until 1990. Since the plaintiffs have already recovered the principal amounts of their certificates of deposit, or at least the amounts covered by Federal deposit insurance, this suit is only for the interest plaintiffs could have earned if the government was not in possession of their certificates of deposit.

As plaintiffs are only seeking to recover the interest they could have earned on their certificates of deposit, the United States and the FDIC are immune because neither has waived sovereign immunity or claims of prejudgment interest. *See Barrett*, 660 F.Supp. at 1319–20. While plaintiffs here did not recover their principal through a judgment, their recovery of the full amounts of their certificates of deposit through agency action is the functional equivalent of a judgment for the value of their certificates of deposit, and so their claim is for prejudgment interest. Notwithstanding plaintiffs' attempt to characterize their claim as one for damages for

the FDIC's wrongful withholding of their certificates of deposit, their claim still is one for prejudgment interest. Since sovereign immunity bars claims for prejudgment interest against the United States and the FDIC, defendants' motions to dismiss must be granted.[1]

### ORDER

Defendants' motions to dismiss are granted. The Clerk of the Court is directed to dismiss the complaint with prejudice.

It is SO ORDERED.

---

**1.** Since I have concluded that the doctrine of sovereign immunity requires that plaintiffs' complaint must be dismissed, there is no need to reach the issue of whether the plaintiffs' claim was a contract action that could not be brought under the FTCA. The complaint contains counts sounding in both contract and tort. Since the FTCA only waives sovereign immunity for tort actions, the United States sought to dismiss the complaint as a contract action brought under the guise of a tort action. Gov. Mem. at 6–7. As the substance of plaintiffs' claim, regardless of how it is framed, is for prejudgment interest, which is barred by the doctrine of sovereign immunity, there is no need to address whether this action was properly brought as a tort action.