**PAN TECH MANAGEMENT CORP. and David M. Graham, Plaintiffs,**

v.

**The UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT and Mark Klein, Defendants.**

**No. 91–CV–2464 (DRH).**

United States District Court,
E.D. New York.

April 7, 1992.

James O. Roberson, Jr., New York City, for plaintiffs.

Andrew J. Maloney, U.S. Atty., E.D. N.Y. by Richard K. Hayes, Asst. U.S. Atty., Brooklyn, N.Y., for defendants.

### MEMORANDUM AND ORDER

HURLEY, District Judge.

The above-referenced action is before this Court to decide defendants' motion to dismiss the complaint.

___

## I. *Background*

The complaint in this action arose out of an audit report (the "Report") conducted by the Office of the Inspector General ("OIG") of the United States Department of Housing and Urban Development ("HUD"). The Report reflected a limited review of costs billed by plaintiff Pan Tech to the Town of Babylon ("Babylon"). Babylon had contracted the planning and administrative services for its Community Development Block Grant ("CDBG") Program to plaintiff Pan Tech.

The review revealed that plaintiff Pan Tech overbilled Babylon for overhead expenses and also billed Babylon for ineligible expenses. It further found that Babylon failed to comply with federal regulations by, among other things, improperly procuring Pan Tech's services by failing to provide for full and open competition; including a cost-plus-a-percentage-of-cost feature in the contract; and failing to review Pan Tech's billings to ensure they were reasonable.

As a result, the Report recommended that Babylon be directed to, among other things, establish a competitive bidding process for awarding contracts and periodically review the contractor's accounts. It further recommended that the HUD Commissioner review and make an eligibility determination as to Pan Tech's overhead and salary charges, both of which were apparently in excess of regulatory limits. The Report concluded that Babylon should then reimburse the CDBG grant for any amounts determined to be excessive. In response to these findings, Babylon ceased doing business with Pan Tech.

Plaintiffs' complaint alleges that HUD was negligent in failing to follow the accounting procedures set forth in the Code of Federal Regulations and that defendants intentionally inflicted emotional distress upon plaintiff David Graham, the president of Pan Tech.[1] Defendants assert that the complaint should be dismissed in its entirety for lack of subject matter jurisdiction, failure to name the proper party, and failure to state a claim for relief.

According to defendants, this Court lacks subject matter jurisdiction because plaintiffs have improperly failed to exhaust their administrative remedies pursuant to the Federal Tort Claims Act (the "FTCA"). Plaintiffs do not contest that they are subject to the FTCA and thus must first exhaust administrative remedies, but they claim that they have done so.

For the reasons stated below, the Court finds that plaintiffs have failed to exhaust their administrative remedies. Thus, defendants' motion to dismiss is granted on the ground of lack of subject matter jurisdiction. The Court does not address defendants' other grounds for dismissal, nor does the Court have the jurisdiction to do so.[2]

## II. *Discussion*

■ Absent a waiver of immunity, the United States cannot be sued in tort. Partial waiver, as found in the Federal Tort Claims Act (the "FTCA"), exists wholly by virtue of congressional consent. The partial waiver specifically fixes the conditions pursuant to which a suit may be instituted. The controlling provision is 28 U.S.C. § 2675(a), which reads in pertinent part as follows:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim

---

1. Plaintiffs have agreed that their second, third and fourth claims for relief, based on defamation, are barred by the Federal Tort Claims Act. Accordingly, these claims are not at issue in the instant motion.

2. Defendants ask that the Court dismiss this action with prejudice on the ground that plaintiffs fail to state a claim as a matter of law. However, in light of the Court's finding that it lacks subject matter jurisdiction to hear this action, it cannot address the merits of plaintiff's claims.

shall have been finally denied by the agency in writing.

28 U.S.C. § 2675(a). Thus, a claimant must seek administrative review prior to filing an action in federal court under the FTCA.

■ The impetus behind the exhaustion requirement is to "avoid unnecessary litigation by enabling the Government to promptly evaluate and investigate claims for early settlement at the administrative level." *Hartford Accident & Indemnity v. United States*, 720 F.Supp. 258, 260 (E.D.N.Y.1989) (citing *Keene Corp. v. United States*, 700 F.2d 836, 842 (2d Cir.), *cert. denied*, 464 U.S. 864, 104 S.Ct. 195, 78 L.Ed.2d 171 (1983)). For this reason, and because the FTCA is a waiver of sovereign immunity, the notice of claim that must be filed to begin the administrative review process must be strictly construed. *See Keene Corp.*, 700 F.2d at 841 (citations omitted); *Hartford Accident*, 720 F.Supp. at 260 (citations omitted).

In order to satisfy the notice requirement, a claim which is presented to the relevant government agency, in this case HUD, must provide the agency with "sufficient information both to permit an investigation and to estimate the claim's worth." *Keene Corp.*, 700 F.2d at 842. The requirement that the agency have notification of the damages sought is embodied in 28 C.F.R. § 14.2(a), which states that "a claim shall be deemed to have been presented when a Federal agency receives from a claimant ... [written notification of an incident], accompanied by a claim for money damages in a sum certain ... [for injury] alleged to have occurred by reason of the incident."

In support of their position that they properly notified HUD of their claims and thus exhausted their administrative remedies, plaintiffs cite to a series of interactions and communications involving HUD and Babylon. Specifically, plaintiffs submit that they presented their claims at a January 14, 1991 exit conference with HUD; that they submitted a forty-seven page letter outlining errors in the HUD report; that they requested that HUD not release a final version of the report until they could respond; and that HUD notified them on March 29, 1991 of the "resolution of this administrative matter."

Viewing plaintiffs' representations regarding these communications in a light most favorable to them, the Court nonetheless finds that they did not provide HUD with a sufficient basis for investigating the nature and extent of the claims presently before this Court. Not only do these communications fail to reflect plaintiffs' claims of emotional distress or negligence, but none of them contains a claim to HUD for a sum certain. This latter ground alone is enough to establish that notice to the agency was insufficient. *See Adams v. United States Dep't of Housing & Urban Dev.*, 807 F.2d 318, 321 (2d Cir.1986). The Court thus finds that plaintiffs have failed to exhaust administrative remedies and that the Court lacks subject matter jurisdiction over this action.

Plaintiffs have asked that, at a minimum, the Court stay this proceeding until plaintiffs take the necessary steps to exhaust their administrative remedies. Because the exhaustion requirement is a jurisdictional requisite to the filing of an action under the FTCA, the Court has no authority to stay this proceeding and denies plaintiffs' request.

## CONCLUSION

For the foregoing reasons, the above action is dismissed for lack of subject matter jurisdiction.

SO ORDERED.