**Kenneth DONAHUE and Janet Donahue, Plaintiffs,**

v.

**UNITED STATES of America, TRANSPORTATION SECURITY ADMINISTRATION, Defendant.**

**No. 05 CV 3428(ADS)(AKT).**

United States District Court, E.D. New York.

Oct. 23, 2006.

Charles G. Eichinger & Associates, P.C. by Charles G. Eichinger, Esq., Islandia, NY, for Plaintiffs.

Roslynn R. Mauskopf, United States Attorney, Eastern District of New York by Assistant United States Attorney Robert B. Kambic, Central Islip, NY, for Defendant.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

Kenneth Donahue and Janet Donahue (collectively, the "plaintiffs") commenced this action against the United States of America and the Transportation Security Administration ("TSA") (collectively, the "defendants") pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680 ("FTCA") seeking to recover for personal injuries sustained by Kenneth Donahue while at the premises of LaGuardia Airport in Flushing, New York ("LaGuardia").

Presently before the Court is a motion by the defendants to dismiss the amended complaint for lack of subject matter jurisdiction pursuant to Rules 12(b)(1) of the Federal Rules of Civil Procedure ("Fed. R. Civ.P.") and for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6).

## I. BACKGROUND

The following facts are derived from the amended complaint. On July 23, 2003, the plaintiff Kenneth Donahue suffered an unspecified injury at an unspecified location "near" the American Airlines terminal at LaGuardia. The plaintiff Janet Donahue is Kenneth's wife. The amended complaint alleges no other facts, except that on June 24, 2004, the plaintiffs served the defendants with a notice of their claim and intention to sue for an unspecified sum of damages resulting from Kenneth's Donahue's injuries (the "Notice of Claim"). The amended complaint asserts causes of action for (1) negligence and (2) loss of consortium.

On June 5, 2006, the defendants made a motion to dismiss the amended complaint. Although the plaintiffs did not annex the Notice of Claim to the amended complaint, the defendants included it as an exhibit to

their motion to dismiss. From the Notice of Claim the Court learned that the accident occurred (1) on July 23, 2003 at 8:15 p.m.; (2) in front of the sidewalk to the employee entrance of the American Airlines terminal; and (3) is alleged to have been the result of someone employed by or associated with the TSA having parked an official TSA vehicle in a manner that blocked the sidewalk used by American Airlines employees to enter and exit the American Airlines building. Counsel for the plaintiffs states in an affidavit that Kenneth Donahue is an employee of American Airlines.

For the following reasons, the defendants motion to dismiss the amended complaint for lack of subject matter jurisdiction is granted.

## II. DISCUSSION

### A. Rule 12(b)(1)

When considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the Court may consider affidavits and other materials beyond the pleadings to resolve jurisdictional questions. *Robinson v. Gov't of Malaysia*, 269 F.3d 133, 141 n. 6 (2d Cir.2001). Under Rule 12(b)(1), the court must accept as true all material factual allegations in the complaint, but will not draw inferences favorable to the party asserting jurisdiction. *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir.1998). The party asserting jurisdiction has the burden of pleading and proving compliance with the procedural requirements of the FTCA. *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 210, 214 (2d Cir.1987).

### B. The Federal Tort Claims Act

#### 1. Administrative Requirements

Section 2675 of the FTCA provides, in relevant part:

(a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency* . . . .

(b) Action under this section shall not be instituted for any sum in excess of *the amount of the claim presented to the federal agency* . . . .

28 U.S.C. § 2675 (emphasis added). Congress did not establish criteria for "presenting" a claim to a Federal agency. However, the regulations promulgated pursuant to section 2675 establish that a claim is not deemed to have been "presented" until "a Federal agency receives from a claimant, . . . [a] written notification of the an incident, accompanied by a claim for money damages in a sum certain." 28 C.F.R § 14.2. Together, these statutory and regulatory provisions establish the FTCA's presentment requirement. A claim must be presented in such a manner to the Federal agency within two years of the date on which the claim accrues. 28 U.S.C. § 2401(b).

Presentment serves the purpose of permitting the Federal agency to conduct an investigation into the claimant's allegations and to estimate the value of the claim, and is a prerequisite to suit under the FTCA. *Romulus v. United States*, 160 F.3d 131, 132 (2d Cir.1998); *Keene Corp. v. United States*, 700 F.2d 836, 842 (2d Cir. 1983). Because the FTCA embodies a waiver of sovereign immunity for the United States, compliance with the presentment requirement is jurisdictional in nature, strictly construed, and not subject to waiver. *See McNeil v. United States*, 508

U.S. 106, 112, 113 S.Ct. 1980, 1983, 124 L.Ed.2d 21, 28 (1993); *Johnson v. Smithsonian Inst.*, 189 F.3d 180, 190 (2d Cir. 1999); *Romulus v. United States*, 983 F.Supp. 336, 338–40 (E.D.N.Y.1997), *aff'd*, 160 F.3d 131 (2d Cir.1998); *Keene*, 700 F.2d at 841. A claimant's failure to satisfy the FTCA's presentment requirement precludes subsequent litigation of those claims. *Johnson*, 189 F.3d at 189; *Keene*, 700 F.2d at 841.

## 2. As to the Plaintiffs' Notice of Claim

In this case, the plaintiffs' Notice of Claim states:

[On] July 23, 2003, at approximately 8:15 p.m. in front of the sidewalk to the American Airlines employee entrance, LaGuardia Airport, Flushing, New York, as shown in the annexed photographs, wherein the accident arose through the negligence of the TRANSPORTATION SECURITY ADMINISTRATION, its agents, servants and/or employees, specifically but not limited to the negligent parking of its vehicles; negligently blocking the sidewalk used by American Airlines employees to ingress and egress the American Airlines building; in creating and maintaining a hazardous, dangerous, and negligent condition, nuisance and trespass; failing to park its vehicle in the designated parking areas; failing to make appropriate safeguards for the protection of those thereat; failing to keep said area in a passable condition; negligently preventing safe passage; and in being otherwise careless, imprudent and negligent.

The Notice of Claim annexes three photographs, which are of less-than-ideal quality, showing a sidewalk leading up to an unmarked building, and an unmarked vehicle.

Regarding Kenneth Donahue's injury, the Notice of Claim states:

As a result of the accident herein, claimant KENNETH DONAHUE, has been caused to sustain serious, permanent physical injuries and mental anguish. Claimant was required to undergo hospital treatment and medical treatment and continues to require said medical treatment. Claimants have been caused to incur hospital, medical and other related expenses. The undersigned claimants therefore present this claim for adjustment and payment. You are hereby notified that unless it is adjusted and paid within the time provided by law from the date of presentation to you, claimants intend to commence an action on this claim.

These conclusory statements provide no description of what actually happened to Kenneth Donahue. There is no information in the Notice of Claim as to how Kenneth Donahue was injured, the cause of the injury, how that injury is related in any way to the manner in which a TSA vehicle was parked at LaGuardia, or the nature of the alleged injury.

Even if the Court could find that the plaintiffs' description of Kenneth Donahue's accident was sufficient to provide the defendants' with notice of how this accident occurred, the Notice of Claim suffers from another serious defect. The plaintiffs' failed to state a demand for a "sum certain." Although the FTCA does not expressly require a specific dollar demand, the statute does so implicitly by limiting recovery to "the amount of the claim presented to the federal agency." 28 U.S.C. § 2675. The regulations do expressly require a sum certain. 28 C.F.R § 14.2 (requiring "a claim for money damages in a sum certain.").

The rule regarding a claimant's failure to include a demand for a sum certain in

FTCA cases has been clearly stated by the Second Circuit: "a claimant's failure to state any dollar amount in his administrative claim would give the Government no notice of the extent of his claim and would, under § 2675(b), deprive the court of jurisdiction to consider his subsequent suit." *Adams v. U.S. Dept. of Housing and Urban Dev.*, 807 F.2d 318, 321 (2d Cir.1986).

The circumstances of the *Adams* case did not lead to the dismissal of the plaintiffs' complaint. In *Adams,* the Notice of Claim stated a demand for an amount "in excess of $1,000.00." The plaintiff's federal complaint sought $4,000,000. The Second Circuit reversed the district court's dismissal of the complaint, holding that instead of outright dismissal, the better result was to find that the plaintiff had noticed a claim in the amount $1,000 and to limit her recovery to that amount. *Id.* at 321–22.

Under circumstances similar to this case, courts have dismissed a plaintiff's complaint based on the failure to state a sum certain in a Notice of Claim. *See Rodriguez v. United States,* No. 02 Civ. 6947(SHS), 2003 WL 21961121, at *3 (S.D.N.Y. Aug. 14, 2003) (dismissing complaint for lack of subject matter jurisdiction because the plaintiffs failed to include a sum certain); *Pentagen Techs. Int'l Ltd. v. United States,* No. 01 Civ. 3078(SHS), 2002 WL 465308 (S.D.N.Y. Mar. 26, 2002) (same); *see also Kokotis v. U.S. Postal Service,* 223 F.3d 275, 279–81 (4th Cir. 2000) (affirming the dismissal of the complaint for lack of subject matter jurisdiction because the plaintiff failed to demand a sum certain); *Coska v. United States,* 114 F.3d 319, 323 (1st Cir.1997) (same); *Suarez v. United States,* 22 F.3d 1064, 1066 (11th Cir.1994) (same); *Bradley v. United States,* 951 F.2d 268, 271–72 (10th Cir.1991)(affirming dismissal of the complaint for lack of subject matter jurisdic-

tion after finding that the plaintiffs' demand for damages "in excess of $100,000.00" did not state a "sum certain"); *Avril v. United States,* 461 F.2d 1090, 1091 (9th Cir.1972) (affirming dismissal of complaint where the claims filed by the plaintiffs failed to state a demand in a sum certain); *accord Johnson,* 189 F.3d at 190 (holding that letter from counsel could not constitute FTCA claim because it did not specify a claim for money damages in a sum certain); *Pinchasow v. United States,* 408 F.Supp.2d 138, 142 (E.D.N.Y.2006) (same).

Here, the plaintiffs' Notice of Claim states only that the plaintiffs "have been caused to incur hospital, medical and other related expenses." This does not state a "sum certain," and the Notice of Claim does not annex any medical or other bills from which a sum certain can be ascertained. Thus, the Court finds that the plaintiffs' Notice of Claim is insufficient.

■ As noted above, there are two elements to the jurisdictional "presentment" requirement for filing claims under the FTCA: (1) written notification of the incident specific enough to enable the Government to investigate the value of the claim; and (2) a demand for a sum certain. 28 C.F.R § 14.2; *Romulus,* 160 F.3d at 132. The plaintiffs failed to satisfy either of these elements.

### 3. Equitable Tolling

The plaintiffs urge the Court to apply the doctrine of "equitable tolling" and to permit them to provide the defendants with supplemental material relative to the Notice of Claim. According to the plaintiffs:

> [Kenneth Donahue] lacked actual or constructive knowledge of any problems relative to his notice of claim and was given a false sense of security that the claim was being processed in the ordinary

course of business. Because of the failure on the part of the defendant to inform the plaintiff of the additional documentation needed plaintiff was reasonable in remaining ignorant of the need for additional documentation.... [Thus,] the doctrine of equitable estoppel should be applied [and] the plaintiff[s] should be permitted to provide the defendant with supplemental material relative to the notice of claim.

The court finds that this argument is without merit.

█ Under the doctrine of equitable estoppel, the Court may extend a statute of limitations in a suit against the Government in situations where a diligent plaintiff was precluded from satisfying the limitation period because of circumstances beyond his or her control. *Irwin v. Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). However, the doctrine of equitable tolling is to be applied sparingly. "[T]he principles of equitable tolling described above do not extend to what is at best a garden variety claim of excusable neglect." *Id.*

The plaintiffs have provided no precedent holding that the Government has any obligation to inform a claimant that its Notice of Claim is insufficient. To create this additional burden for the Government would be in conflict with the purpose of FTCA's pleading requirements, which is to aid the Government in estimating a claim's worth, conducting an investigation, and expediting the settlement of the plaintiffs' claims. *See Romulus*, 160 F.3d at 132; *Keene Corp. v. United States*, 700 F.2d 836, 842 (2d Cir.1983). It is true that in some cases the Government did inform the claimant that a claim was insufficient, thus providing the claimant with an opportunity to cure a defect. However, this was done merely out of courtesy. The Government is under no obligation to solicit information

to ensure that jurisdiction is proper. *See Adams*, 807 F.2d at 320 (citing *Dancy v. United States*, 229 Ct.Cl. 300, 668 F.2d 1224, 1228 (Cl.Ct.1982)); *Coska v. United States*, 114 F.3d 319, 323 (1st Cir.1997).

The plaintiffs have cited one case in which the Court did apply the doctrine of equitable tolling in a case involving a claim under the FTCA. *See James v. United States*, No. 99 Civ. 4238 BSJ, 2000 WL 1132035 (S.D.N.Y. Aug. 8, 2000). However, *James* is inapposite. In *James*, the *pro se* plaintiff wanted to file a claim against the Government for torts allegedly committed against the plaintiff while he was being involuntarily admitted to the Veteran's Administration ("VA") hospital in Bronx, New York on January 10, 1995. As noted above, claims under the FTCA must be brought within two years of date of the injury. *See, e.g., Kronisch v. United States*, 150 F.3d 112, 121 (2d Cir.1998). Thus, James' claim was required to be filed by January 10, 1997.

On or about February 15, 1995, James informed employees of the VA that he wanted to file his claim. James had also informed VA employees or officials of his desire to file a claim once before, on an unspecified date in February, 1995. However, it was not until August, 1997 that a VA staff member informed the plaintiff of the process for doing so. On January 5, 1998, James filed his claim approximately one year late. The claim was denied, and the plaintiff sued in district court under the FTCA. The defendant moved to dismiss the complaint for lack of subject matter jurisdiction.

In denying the defendant's motion to dismiss, the court applied the doctrine of equitable estoppel. The court determined that James had been diligent in pursuing his claim, that he lacked actual or constructive knowledge of the filing requirements, and that his ignorance was

reasonable under the circumstances. Accordingly, the court held that the VA had a duty to provide the plaintiff with an administrative claim form when they learned of his claims, and that their failure to do so tolled the statute of limitations. 2000 WL 1132035 at *3.

However, the court in *James* limited its decision to the "unique circumstances" of that case, *id.*, which bear no resemblance to the facts of this case. The plaintiffs in this case filed their Notice of Claim within the statutory period, and are represented by counsel who is deemed to have had at least constructive knowledge of all of the filing requirements as set forth in the statute, regulations, and case law.

Finally, the Court's independent research has identified cases in which a court expressly rejected the equitable tolling argument for a plaintiff who failed to include a sum certain in its Notice of Claim. *See Kokotis v. United States Postal Service,* 223 F.3d 275, 280–81 (4th Cir.2000) ("The absence of a Postal Service objection to Kokots' failure to submit a sum certain does not resemble the misconduct required to equitably toll a limitations period"); *see also Coska,* 114 F.3d at 323. Accordingly, the Court denies the plaintiffs' request to apply the doctrine of equitable estoppel to permit the plaintiffs to provide the defendant with supplemental material relative to the Notice of Claim.

Understandably, dismissal is a harsh result in this case. Because more than two years have passed since the plaintiffs' cause of action accrued the action is barred by the statute of limitations, and any attempt to amend their Notice of Claim would be futile. *Romulus,* 983 F.Supp. at 342. However, Courts steadfastly hold that a waiver of sovereign immunity, such as the FTCA, must be applied strictly. *See United States v. Kubrick,* 444 U.S. 111, 117–18, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979).

Although a dismissal here is harsh, the result is not unjust considering the plaintiffs' minimal burden and the uncomplicated pleading requirements for a claim under the FTCA. There is no requirement that the amount stated be "reasonable"; that it be a precise measure of damages; or that the demand be otherwise qualified. All that is required is that the demand be stated in a "sum certain." Even now, after having considered all of the papers submitted with regard to this motion in addition to the pleadings, the Court still does not know what Kenneth Donahue's injury was or the plaintiffs' specific claim. Because the plaintiffs failed to sufficiently describe the incident and did not state a specific dollar amount in their Notice of Claim, the Court is without subject matter jurisdiction. Accordingly, the amended complaint is dismissed is its entirety.

## III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED,** that the defendants' motion to dismiss the amended complaint for lack of subject matter jurisdiction is granted; and it is further

**ORDERED,** that the amended complaint is dismissed; and it is further

**ORDERED,** that the Clerk of the Court is directed to close this case.

**SO ORDERED.**